Herbert Wert, et al., Plaintiffs-Appellees, v. Alice Burke and Francis Lietz, Individually and d/b/a "Jump In," Louis Jannotto, et al., Defendants-Appellees. Allstate Insurance Company, Intervenor-Appellant.

Gen. No. 49,196.

First District, Third Division.

April 2, 1964.

Hinshaw, Culbertson, Moelmann & Hoban, all of Chicago (Oswell G. Treadway, of counsel), for appellant.

J. V. Schaffenegger and Richard Jemilo, of Chicago (James P. Chapman, of counsel), for appellees.

MR. PRESIDING JUSTICE SCHWARTZ delivered the opinion of the court.

This is an appeal from an order denying the petition of Allstate Insurance Company for leave to intervene in this suit for personal injuries sustained by the plaintiffs as the result of a collision between an automobile driven by the insured plaintiff Herbert Wert, with Thelma Wert as a guest passenger, and one driven by Adrian Schapendonk, presumably an uninsured motorist. The principal issue presented is whether the insurance company has shown that the representation of its interest in this litigation is or may be inadequate and that it will or may be bound by the judgment in the case.

The complaint consists of two counts. Count one states a cause of action under the Dramship Act against defendants Alice Burke and Francis Lietz, who operated the tavern, and against defendants Jannotto who owned the premises. It charges that Burke and Lietz sold alcoholic liquor to defendant Schapendonk causing his intoxication, as a result of which he drove his automobile into the automobile in which the plaintiffs were riding. Count two states a case against defendant Schapendonk only and alleges that he was guilty of negligent, wilful and wanton misconduct. Schapendonk admits liability and takes issue only on the question of damages.

The policy issued to plaintiff Herbert Wert by Allstate is referred to as "uninsured motorist coverage." It provides "protection against bodily injury by uninsured automobiles"; and agrees that it will pay to the insured all sums the insured is legally entitled to recover as damages from the owner or operator of an uninsured automobile, caused by accident and arising out of the ownership, maintenance or use of such automobile.

The policy contains a provision which excludes bodily injury with respect to which the insured,

454

without the consent of the insurance company, had made any settlement or had prosecuted to judgment any action for such injuries, and another provision that a determination of the amount the insured was legally entitled to recover was to be made by agreement between insured and insurer. Originally, policies of this type contained provisions for arbitration, but this was held invalid in Levy v. American Automobile Ins. Co., 31 Ill App2d 157, 175 NE2d 607. Allstate, however, proposed arbitration, which was rejected.

The right to intervene is governed by statute. Ill Rev Stats, c 110, § 26.1 (1963). This provides that on timely application, intervention *shall* be permitted *as of right,* when the representation of the applicant's interest "is or may be inadequate and the applicant will or may be bound by a judgment, decree or order. . . ." A second section of the act provides that intervention shall be allowed within the discretion of the court when an applicant's claim or defense and the main action have a question of law or fact in common. Our courts are liberal in the construction of the act and in granting the right to intervene where the court has discretion. Bredberg v. City of Wheaton, 24 Ill 2d 612, 182 NE2d 742; Mensik v. Smith, 18 Ill2d 572, 166 NE2d 265. We will, however, consider whether intervention should be allowed as of right.

Of the two conditions required for intervention as of right, that is, (1) that representation of the applicant's interest is or may be inadequate; and (2) that the applicant is or may be bound by the judgment, we will first consider the latter requirement.

A policy similar to the one here involved, but with some distinguishing features, was before this court in Levy v. American Automobile Ins. Co., 31 Ill App2d 157, 175 NE2d 607. The plaintiff there obtained a judgment *by default* against a motorist who was alleged to be uninsured and then brought suit on the

policy. A provision for arbitration was included in the policy, as was a provision for written consent before the insured could institute suit against an uninsured motorist. The company refused to give its consent unless the plaintiff submitted its dispute to arbitration. The court held that an agreement to arbitrate claims which might arise in futuro was not valid in this state and that the company could not refuse to give its consent to the institution of the suit by the plaintiff. (The Uniform Arbitration Act was later amended to provide for arbitration of claims in futuro, but it has no application to the instant case. Ill Rev Stats, c 10, § 101 (1963).) While the judgment was reversed and the cause remanded on the ground that the noninsurance of the third party was not proved by competent evidence, that case has been accepted by the parties as authority for the proposition that the insurance company will be bound by the judgment entered in the suit now before us.

In Boughton v. Farmers Ins. Exch., 354 P2d 1085 (Okla, 1960), 79 ALR2d 1245, quoted with approval in the Levy case, supra, a similar policy was involved. The insured had obtained a judgment against an uninsured motorist. The insurance company did not participate in the action, although it had notice, but insisted that by the terms of the policy the question of liability and extent of damages were required to be determined by arbitration. The court held that the provision for arbitration was invalid and that the issue of liability *and extent of damages were determined by the judgment in the principal case.*

It is clear from the foregoing cases that an insurance company which insures against injuries caused by an accident which arises out of the ownership or use of an uninsured automobile is within the requirement of the intervention act as one that will or may

456

be bound by a judgment in an action brought by the insured against the owner or operator.

Plaintiffs rely, however, on the other condition; that there has been no showing that the representation of the company's interest by the defendants is or may be inadequate. Defendant Schapendonk has admitted liability and contests only the amount of the damages. The dramshop keepers' liability depends on the unique provisions of the Dramshop Act. If a judgment should ultimately be rendered against Schapendonk and not against the dramshop keepers and if he should be insolvent, the only party ultimately compelled to pay any damages could well be the insurance company. The word "adequate" and its broad usage is indicated by its definition as applicable to the case before us. It is defined as "legally sufficient; such as is lawfully and reasonably sufficient; . . . an adequate remedy." (Webster's New International Dictionary, 2nd Ed.) Certainly no reasonable man, confronted with the same situation as that of the petitioning intervenor, would rely on the defendants and their lawyers for the representation of his interest.

The type of insurance here involved is new and different. It defies efforts to categorize it or bring it into some preexisting classification. In legal effect it appears to be a guarantee by the insurer to a motorist, who by reason of a future automobile accident might become the prospective creditor of the owner or operator of an uninsured automobile, that it, the insurer, as the guarantor will pay such damages as the insured might be entitled to recover. Such a contract in other times would have been considered foolhardy, but installment purchases, the automobile age, the vast number of automobile accidents, and the development of actuarial skill, have all contrived to create this product of our times. If we accept it as

alleviating to some extent the injuries inflicted by uninsured motorists, then the insurer is entitled to have its liability *legally* determined. With respect to the insurance policy here involved, intervention is the only practicable remedy.

The justice of intervention under these circumstances has been recognized. In State v. Craig, 364 SW2d 343 (Mo App, 1963), the court held that an insurance company had the right to intervene in a suit brought by its insured against an uninsured motorist, but such intervention was permitted only to the extent of testing the issue of tort liability, and the insured was not permitted to raise any question concerning coverage in the policy. The court cited Matthews v. Allstate Ins. Co., 194 F Supp 459 (ED, Va, 1961), in which it was considered inconceivable that an insurance company, desirous of affording the protection required by the terms of its policy, would not be granted leave by the state court to intervene as a third party defendant, or otherwise to have its counsel appointed to defend.

No case in which intervention has been denied is comparable to the one before us. Generally in such cases a relationship such as that of corporation and stockholder or trustee and beneficiary, or other connection between the petitioning intervenor and the parties in the case exists. In the instant case there is no relationship, except the casual one arising out of the accident involved. It would be extraordinary, indeed, to say that under such circumstances the petitioning intervenor should be denied the right to select its own lawyers and intervene. Our legal system has always manifested a contrary concern for litigants.

It is argued that the addition of a third set of attorneys would confuse the jury, hinder and delay an otherwise simple personal injury action, and undoubtedly interfere with the presentation of the plaintiffs'

case. This could be true, unless conditions are imposed and the trial court takes a firm hand in the conduct of the trial. (Ill Rev Stats, c 110, § 26.1(6) (1963).) Intervention will be allowed upon the following conditions:

(1) It should be established that the defendant Schapendonk is not insured. If noninsurance becomes a disputed question of fact, it may be submitted to the court for determination before the trial of the main issue. (See Kinsey v. Thompson, 44 Ill App2d 304, 194 NE2d 565, where the court held that the question of waiving the statute of limitations should be determined prior to trial.)

(2) The intervenor should acknowledge that it will be bound by the judgment in the instant case subject, of course, to the right of appeal.

(3) It must take the case with the issues as now joined, unless it can make a showing to the trial court that it can prove otherwise or that there are other reasons which may persuade the trial court to allow it to raise a new issue. This applies particularly to the admissions made by Schapendonk and to the question of plaintiffs' contributory negligence.

(4) Such other conditions as the trial court may reasonably impose.

Upon allowance of the petition to intervene, the insurance company will have the right to institute such pretrial proceedings as may be allowed by the trial court to enable it to comply with the conditions stated.

The order is reversed and the cause is remanded with directions to allow the petition to intervene upon the conditions hereinbefore stated, and for such other and further action as is not inconsistent with the views hereinbefore expressed.

Order reversed and cause remanded with directions.

DEMPSEY and SULLIVAN, JJ., concur.