42692. CONTINENTAL INSURANCE COMPANY v.
SMITH et al.

ARGUED APRIL 4, 1967—DECIDED APRIL 28, 1967.

*Harris, Russell & Watkins, Philip R. Taylor, D. E. McMaster,* for appellant.

*Lanier, Powell, Cooper & Cooper, Jack L. Cooper, Gordon R. Lanier, Dukes & McMillan,* for appellees.

JORDAN, Judge. The petition in this case is an ordinary action based on negligence against an alleged tortfeasor for damages arising out of a collision between two vehicles, and the only clues that the plaintiff, in the event of success, may rely on the judgment as a basis to collect for uninsured motorist coverage lie in the fact that the insurance company in its pleading acknowledges service of process, and sets forth other facts indicating potential liability. Examining the so-called special appearance and intervention of the insurance company in the light of the relief sought by the prayers, the insurance company is attempting to intervene and defend the case as if it were the defendant, who under the record is apparently in default, and simultaneously is seeking a judicial determination that any judgment, by default or otherwise, rendered against the defendant, shall not be conclusive between the

intervenor and the plaintiff. This position embraces an irreconcilable contradiction. In the brief before this court, however, the company ameliorates this position by stating that it did provide coverage for the plaintiff against an uninsured motorist. In construing the uninsured motorist law (Ga. L. 1963, p. 588 et seq., as amended by Ga. L. 1964, p. 306 et seq.; *Code Ann.* § 56-407.1) this court has held that "it would seem that the General Assembly intended that an insurance company in *affording the protection to an insured* would have a right to take whatever legal steps were necessary and fitting to see to it that the court trying an action against an uninsured motorist, first, had jurisdiction of the case and the person of the uninsured motorist, and second, to insure that the judgment against the uninsured motorist was not in default, and to insure that the judgment was rendered on legal and sufficient evidence." *State Farm Mut. Auto. Ins. Co. v. Glover*, 113 Ga. App. 815, 820 (149 SE2d 852). Under the general rule at common law a person not a party to an action could not intervene, but as an exception thereto one could intervene who set up a right of such a direct and immediate character created by the claim in the action that he would gain or lose by the judgment, and this exception is applicable to the case of an insurer providing uninsured motorist coverage to a plaintiff in an action against the uninsured motorist seeking damages on account of a vehicular collision. *State Farm Mut. Auto. Ins. Co. v. Brown*, 114 Ga. App. 650, 658 (152 SE2d 641). Also, see *State Farm Mut. Auto. Ins. Co. v. Jiles*, 115 Ga. App. 193 (154 SE2d 286).

ᜰ. In applying the foregoing rulings to the present case the key phrase is that used in the *Glover* case, supra, of "affording the protection to an insured." This protection, as a condition for intervention, includes the obligation, within the limits of the uninsured motorist coverage, to pay any judgment obtained against the defendant. See State of Missouri v. Craig (Mo. App.) 364 SW2d 343 (95 ALR2d 1321); Wert v. Burke, 47 Ill. App.2d 445 (197 NE2d 717). Under the law of this State the insurer is generally precluded from requiring anything of the insured, "except the establishment of legal liability." Ga. L. 1964, pp. 306,

309 (*Code Ann.* § 56-407.1 (f)). It is only because of such an obligation that the company can establish a right of intervention and if such obligation is not recognized or assumed, the company would lose this right. In the event the company is unwilling to concede protection it has no right to intervene in the action, and must resort at its peril to other means to settle the issue of whether it is affording protection to the plaintiff under the uninsured motorist provisions of the policy.

The real issue in a case such as the present one is that of the tort liability of the named defendant, and such an action does not lend itself and open the door to a judicial determination of the contractual or other obligations between one of the parties and a third party, and one seeking to intervene has no right to enlarge the scope of the litigation to such other issues. Under the circumstances here shown the trial judge did not err in striking the pleadings of the insurance company.

*Judgment affirmed. Bell, P. J., and Pannell, J., concur.*