43470. UNITED SERVICES AUTOMOBILE ASSOCIATION v. LOGUE, by Next Friend.

ARGUED MARCH 5, 1968—DECIDED APRIL 3, 1968—
REHEARING DENIED MAY 1, 1968.

*Woodruff, Savell, Lane & Williams, Edward L. Savell, Ronald L. Davis,* for appellant.

*Bryan, Carter, Ansley & Smith, M. D. McLendon, Shepard B. Ansley,* for appellee.

BELL, Presiding Judge. In *State Farm Mut. Auto. Ins. Co. v. Glover,* 113 Ga. App. 815, 820 (149 SE2d 852) this court held: "It would seem that the General Assembly intended that an insurance company in affording the [uninsured motorist] protection to an insured would have a right to take whatever legal steps were necessary and fitting to see to it that the court trying the action against an uninsured motorist, first, had jurisdiction of the case and the person of the uninsured motorist, and second, to insure that the judgment against the uninsured motorist was not in default, and to insure that the judgment was rendered on legal and sufficient evidence." And in *Continental Ins. Co. v. Smith,* 115 Ga. App. 667, 669-670 (155 SE2d 713), we held: "This protection, as a condition for intervention, includes the obligation, within the limits of the uninsured motorist cov-

erage, to pay any judgment obtained against the defendant. . . . It is only because of such an obligation that the company can establish a right of intervention and if such obligation is not recognized or assumed, the company would lose this right. In the event the company is unwilling to concede protection it has no right to intervene in the action, and must resort at its peril to other means to settle the issue of whether it is affording protection to the plaintiff under the uninsured motorist provisions of the policy." The latter holding is controlling here.

Appellant contends that a different result would follow under Section 24 (a) of the Civil Practice Act (Ga. L. 1966, pp. 609, 633, as amended, *Code Ann.* § 81A-124 (a)), which became effective subsequently to the holding in *Continental Ins. Co. v. Smith,* 115 Ga. App. 667, supra. We disagree. The material portion of the Act declares: "Upon timely application anyone shall be permitted to intervene in an action . . . when the representation of the applicant's interest by existing parties is or may be inadequate or the applicant is or may be bound by a judgment in the action." In refusing to concede that the defendant is an uninsured motorist and in seeking to avoid the coverage because of plaintiff's breach of certain conditions stated in the policy, the appellant expressly negates any basis for contending that it has an interest which might be prejudiced by inadequate representation *or* that it might be bound by a judgment in the action. We are not persuaded by Knapp v. Hankins, 106 FSupp. 43 (E.D. Ill.), which allowed intervention in a case very similar to the one before us. The holding in the Knapp case was repudiated in Kelley v. Pascal System, Inc., 183 FSupp. 775, 777, (E.D. Ky.).

The trial court did not err in sustaining plaintiff's motion to strike appellant's application for intervention.

*Judgment affirmed. Hall and Quillian, JJ., concur.*