## 44965. UNITED STATES FIDELITY & GUARANTY COMPANY v. BISHOP et al.

JORDAN, Presiding Judge. United States Fidelity & Guaranty Company commenced this declaratory judgment action in DeKalb Superior Court against William F. Bishop, William F. Bishop Company, Naomi Ruth Cowan, Raymond Cowan, and Vera (Mrs. Robert L.) Hudgins. The allegations show that the plaintiff company provided uninsured motorist coverage for Robert L. Hudgins which was in effect on the date of the incident causing the death of Edward Linton Hudgins, that the defendant Mrs. Hudgins is the mother of Edward Linton Hudgins and has commenced in the same court a

wrongful death action against the other defendants in the present action, and that two of these defendants, Bishop and William F. Bishop Company, as defendants in the other action, have filed a third-party complaint seeking contribution from an unknown defendant, John Doe, and have caused their complaint to be served upon the plaintiff in the present action. The plaintiff further alleges that an uninsured motorist insurer is prohibited from filing defensive pleadings unless it concedes its obligation to pay within its policy limits. For relief the plaintiff seeks, among other things, a declaration of its rights and liabilities and a judgment declaring the third-party complaint improper. The defendants Bishop and William F. Bishop Company moved to dismiss the action as failing to state a claim upon which relief can be granted or one for declaratory judgment. The trial court sustained this motion and dismissed the action, and the plaintiff appeals from this order. *Held:*

The 1967 amendment to the uninsured motorist law (Ga. L. 1967, pp. 463, 464; *Code Ann.* § 56-407.1 (d)) provides that in respect to an action against an unknown defendant as "John Doe" the insurance company shall be served with a copy of the action and all pleadings, "and the insurance company shall have the right to file pleadings and take other action allowable by law in the name of John Doe or itself." The amendment also similarly liberalizes the law in actions involving a known uninsured motorist.

This court in *Doe v. Moss,* 120 Ga. App. 762, refused to follow *Continental Ins. Co. v. Smith,* 115 Ga. App. 667 (155 SE2d 713), and *United Services Auto. Assn. v. Logue,* 117 Ga. App. 717 (162 SE2d 12) as being inconsistent with the amendment, and said at p. 765: "This permits the filing by the company, in the name of the company or in the name of the uninsured motorist, or in the name of 'John Doe,' of any pleading that could be filed by the owner or operator of the offending vehicle in his own behalf, and, additionally it may file in its own behalf any appropriate pleading allowable by law. This applies, as we have indicated, to actions against 'John Doe' as well as to those brought against a known owner or operator. The filing of these pleadings does not amount to an admission of liability or of coverage by the insurer."

In view of the above, the plaintiff in the present action, having

been served in the pending tort action as if the uninsured motorist law applies, is free to file in that action whatever defensive pleadings it may consider appropriate to protect its rights without conceding any liability or otherwise jeopardizing its interest. This could include, of course, appropriate pleadings, to reach the issues of whether a defendant in that action can implead an alleged John Doe tortfeasor, under the uninsured motorist law or for other reasons, or any resulting liability of an insurer in respect to uninsured motorist coverage, if John Doe should be held liable, either jointly or severally.

It is therefore clear that the essential element of necessity for direction in a separate action for a declaratory judgment is lacking. This court and the Supreme Court have repeatedly held that although the Declaratory Judgments Act as amended (Ga. L. 1959, pp. 236, 237; *Code Ann.* § 110-1101 (c)) provides that relief by declaratory judgment is available notwithstanding other adequate legal or equitable remedies, the necessity therefor must appear, and that a petition will not lie where all rights of the parties have already accrued and where no facts or circumstances are alleged showing a necessity for adjudication in order to relieve the plaintiff from the risk of taking future undirected action, which, without such action, would jeopardize the plaintiff's interest. See See *Patat v. Bullock,* 107 Ga. App. 488 (130 SE2d 528); *Phoenix Assurance Co. v. Glens Falls Ins. Co.,* 101 Ga. App. 530 (114 SE2d 389); *Poole v. City of Atlanta,* 117 Ga. App. 432 (160 SE2d 874); *Pinkard v. Mendel,* 216 Ga. 487 (117 SE2d 336); *Williams v. Shaffer,* 222 Ga. 334 (149 SE2d 668).

*Judgment affirmed. Eberhardt and Pannell, JJ., concur.*

ARGUED JANUARY 8, 1970—DECIDED JANUARY 29, 1970.

*O'Kelley, Hopkins & Van Gerpen, H. Lowell Hopkins, Benjamin Landey,* for appellant.

*Lokey & Bowden, Glenn Frick, Long, Weinberg & Ansley, Palmer H. Ansley, Charles M. Goetz, Jr.,* for appellees.