## 46521. CORBIN v. GULF INSURANCE COMPANY.

CLARK, Judge. This is an appeal from the grant to Gulf Insurance Company, an automobile liability insurer, of its motion for summary judgment in a declaratory judgment action wherein the trial court ruled there was no coverage to its insured, Corbin, under the uninsured motorist portion of its policy.

In its complaint insurer averred it had issued a policy of liability insurance to Rose Corbin covering an automobile which was, on March 23, 1969, being operated by her husband, Howard Corbin, with her permission and was involved in an accident; that Howard Corbin has instituted an action against one John Doe, an alleged unknown uninsured motorist, contending that in the event he recovers he will be entitled to recover under the uninsured motorist coverage of the Gulf policy and to invoke such coverage served Gulf, on February 10, 1969, with a copy of his complaint against John Doe. Its basis for declaratory judgment is its uncertainty in that "[I]f it does not defend the lawsuit against John Doe [it] is faced with the possibility of having a default judgment entered

against John Doe or being placed in the position of possibly having the amount of its liability fixed without its participation or consent. On the other hand, if your petitioner does defend . . . as permitted to do under Georgia law, it is faced with the prospect of incurring substantial legal expense, when, if its contentions are correct, there was and is no uninsured motorist coverage in the premises and said expenses would have been incurred unnecessarily."

Gulf contends there was a failure by its insured to comply with certain policy requirements which are conditions precedent to coverage. For summary judgment, it relies on the pleadings, the policy of insurance, the sworn testimony of Howard Corbin taken by deposition, and the affidavit of Captain D. S. Harris, a Supervisor in the Georgia Department of Public Safety. Corbin filed his affidavit seeking to explain the answers he had made in the deposition which served as the basis of the insurer's contentions.

The motion for summary judgment was granted and Corbin appeals therefrom. *Held:*

1. The appellant's first enumeration of error, asserting that the complaint for declaratory judgment failed to state a claim for which relief could be granted, has not been argued and, therefore, must be deemed to have been abandoned. *Dimmick v. Pullen,* 120 Ga. App. 743, 744 (172 SE2d 196); *Crider v. State of Ga.,* 115 Ga. App. 347, 348 (154 SE2d 743); *Pinyan v. Liberty Mut. Ins. Co.,* 113 Ga. App. 130, 133 (147 SE2d 452). The abandonment of this enumeration is undoubtedly due to counsel's recognition that a claim was stated.

2. The appellant's remaining two enumerations of error assert that the pleadings together with the deposition and affidavits were sufficient to make an issue of fact and, therefore, the trial court erred in sustaining the motion for summary judgment.

The policy provides protection against uninsured motorists by agreeing to pay all sums which an insured shall be

legally entitled to recover as damages from the owner or operator of an uninsured automobile. An uninsured automobile is defined to include, inter alia, a "hit-and-run" automobile *when* the owner or operator of same cannot be determined *and* "the insured or someone on his behalf shall have reported the accident within 10 days or as soon as practicable to the Georgia Director of Public Safety, *and* shall have filed with the Company within 30 days thereafter a statement under oath that the insured . . . has a cause or causes of action arising out of such accident for damages against a person or persons whose identity is unascertainable, and setting forth the facts in support thereof." Compliance with this provision is by the terms of the policy made a condition precedent to an action against the company. (The policy requirement of reporting injury by an unknown motorist to the Georgia Director of Public Safety is mandatory. See Act entitled "Insurance-Loss Caused by an Uninsured Motorist," Ga. L. 1963, p. 588, as amended. *Code Ann.* § 56-407.1 (c), as amended.)

By affidavit Captain D. S. Harris, a Supervisor in the Bureau of Safety Responsibility of the Department of Public Safety, deposes that the records of the Department contain no report by Howard M. Corbin, Rose E. Corbin, or any other person purporting to represent either of them, of any accident occurring on March 23, 1967, involving Howard M. Corbin. Although admissions in the pleadings establish that Corbin was operating the vehicle at the time of the incident, Corbin in his brief contends that his daughter was driving (which is supported by some of his deposition testimony), and takes the position that the affidavit of Captain Harris does not preclude the existence of a report allegedly filed under his daughter's name as driver of the car. Corbin's position on this matter is made less than clear by an affidavit in which he swears that he himself did file a written report of the accident within 10 days with the Department of Public Safety.

But pretermitting whether there is a genuine issue of fact over whether there was compliance with the policy requirement of reporting the accident to the Department of Public Safety, no genuine issue exists in the evidence over whether Corbin or anyone in his behalf filed a written statement under oath with the company within 30 days of the accident, that he had a cause of action against an unknown person and setting forth the supporting facts.

The alleged agent of the insurer is the Willis Insurance Agency. Corbin testified concerning notice of the accident to the company: "Q. Did you ever write any letters to your insurance company informing them of this accident? A. No, Sir, I guess Pete [Willis] made a file of it though. I am pretty sure he did. We never did have the car fixed. Q. So your only contact then with anybody that represented your insurance company was with Wallace [sic]? A. Yes. Q. And that was over the phone or talking to him? A. Yes, I went by his place a time or two. Q. How soon after this happened did you tell Wallace [sic] about it? A. Well, I think while I was in the hospital they had the car out at Kenneth Allen's. Q. While you were in the hospital the first time? A. Yes, to make an estimate on it. Q. And that was what, how long after this accident, a week or two weeks? A. Probably about a week and a half or two weeks." This testimony indicates oral notice only.

Corbin's affidavit that he gave oral notice to the Willis Insurance Agency and signed a paper in the presence of the agent (without saying when), but is not aware of what it was, is insufficient evidence that written notice, under oath, was timely given. An affidavit must set forth *specific facts* showing that there is a genuine issue. *Code Ann.* § 81A-156 (e).

In the absence of conduct amounting to waiver or estoppel, oral notice is not sufficient where written notice is required. *Stubbs v. State Farm Mut. Auto. Ins. Co.,* 120 Ga. App. 750 (172 SE2d 441); 13 Couch on Insurance 2d §§ 49:30, 49:107; 8 Appleman, Insurance Law and Prac-

tice, § 4737. Written notice under oath of accident having been made a condition precedent to coverage under the policy, and it having been made to appear that the requisite notice had not been given, the trial judge did not err in granting the motion for summary judgment. *Employees Assurance Society v. Bush,* 105 Ga. App. 190 (123 SE2d 905).

*Judgment affirmed. Hall, P. J., and Eberhardt, J., concur.* SUBMITTED SEPTEMBER 17, 1971—DECIDED JANUARY 13, 1972.

*Merritt & Pruitt, Glyndon C. Pruitt,* for appellant.
*George W. Hart, Frederick F. Saunders, Jr.,* for appellee.