Carolyn BEARD, Plaintiff-Appellant,

v.

Charles JACKSON and Transit Casualty Company, Defendants-Respondents.

No. 34688.

Missouri Court of Appeals, St. Louis District.

Oct. 30, 1973.

Motion for Rehearing or Transfer Denied Dec. 7, 1973.

Deeba, DeStefano, Sauter & Herd, James B. Herd, St. Louis, for plaintiff-appellant.

John A. Walsh, Jr., St. Louis, for defendants-respondents.

McMILLIAN, Judge.

This is an appeal by plaintiff, Carolyn Beard, from a judgment entered by the court upon a jury verdict in favor of defendants, Charles Jackson and Transit Casualty Company, hereinafter referred to as Transit. Plaintiff, a passenger in an automobile operated by her husband, Richard Beard, the insured, filed suit against defendant Charles Jackson, allegedly an uninsured motorist, as a result of a collision between the car in which she was riding and the automobile operated by defendant. When defendant Jackson failed to file any responsive pleadings, the trial court granted a default and inquiry hearing. After the hearing on the default and inquiry, but prior to entry of judgment thereon, Transit filed (1) a motion to set aside the default and inquiry, (2) a motion to intervene, and (3) an intervening answer. After plaintiff unsuccessfully sought a writ of prohibition, the trial court sustained Transit's motions. The principal issues presented are (1) whether Transit had a right to intervene, (2) if so, whether it was bound by the issues as made up by plaintiff and defendant Jackson, (3) whether the facts as alleged by plaintiff were judicially admitted by defendant Jackson's failure to file an answer, and (4) whether the court erred in giving certain instructions. We find that Transit had the right to intervene, to file an answer that denied allegation of plaintiff's petition, and that no error was committed in the giving of instructions; therefore, we affirm.

Transit filed its motion to intervene July 7, 1970, pursuant to Rule 52.11(a)(2), V.A.M.R., as it existed until December 1, 1972, until renumbered and amended by the present Rule 52.12 effective December 1, 1972. Rule 52.11, V.A.M.R., provides for intervention as a matter of right ". . . when the representation of the applicant's interest by existing parties is or may be inadequate and *the applicant is or may be*

*bound by a judgment in the action* . . ." (Emphasis added.) Our Supreme Court in the case of Wells v. Hartford Accident & Indemnity Co., 459 S.W.2d 253 (Mo. banc 1970) declared that upon a claim upon its coverage and notice of a suit against the alleged uninsured, an uninsured motorist insurer must intervene if it wishes to raise defenses to the issues to be determined in the suit against the uninsured motorist. It cannot wait until it is itself sued to dispute issues of the uninsured's liability or of damages. If the uninsured motorist carrier does wait, after adequate notice and an opportunity to intervene, absence fraud or collusion, it is estopped to re-litigate the issues necessarily decided in an action brought by its insured against an uninsured motorist. State ex rel. State Farm Mut. Auto Ins. Co. v. Craig, 364 S. W.2d 343, 347 [7] (Mo.App.1963).

Plaintiff argues that Transit failed to establish its right to intervene because it neither plead that defendant Jackson was uninsured nor did it unequivocally acknowledge that it would be bound by the judgment. Transit's motion set forth that it had a policy of insurance in force and effect containing uninsured motorist protection for the owner Richard Beard, the operator; and the passenger, his wife the plaintiff, in Richard Beard's automobile. And that plaintiff claimed to have been a passenger in said automobile and claimed to have been injured through the negligence of defendant Jackson, claimed by plaintiff to have been uninsured. The answer further alleged that defendant Jackson had failed to file responsive pleadings, had suffered an interlocutory default, and had failed to appear for the default hearing. Continuing on was an allegation that ". . . 'if, as plaintiff claims, defendant is uninsured, then intervenor (Transit) will or may be bound' by the judgment . . ." herein on the issues of liability, injury, or damages, and that its interest are inadequately represented by defendant herein.

Our reading of the Craig case finds nothing contained therein posits that the uninsured motorist carrier must admit liability in the contract case in order to intervene in the liability and damage case. Moreover, Transit complied with all the provisions of our then Rule 52.11(a)(2), V.A.M.R., which had no requirement that the intervenor plead that it would be bound by the judgment.

In support of her position, plaintiff also cites Continental Ins. Co. v. Smith, 115 Ga.App. 667, 155 S.E.2d 713 (1967), wherein intervention was denied because the right of intervention is necessarily predicated upon the insurer's obligation to pay plaintiff the amount of the judgment rendered. Hence, in order to intervene the uninsured motorist carrier was required to first stipulate its liability to its insured upon an adverse decision in the tort case. Whatever the merits of the Continental Insurance Co. case are, it was decided under common-law rules, which allow a non-party to intervene only if he set up a right of such a direct and immediate character created by the claim in the action that he would gain or lose by the judgment. Our intervention practice is established not by common-law rules but by our Supreme Court Rules which speak in terms of ". . . 'is or may be bound' by the judgment . . ." In any event Doe v. Moss, 120 Ga.App. 762, 172 S.E.2d 321 (Ga.App.1969) after an amendment of the Georgia Code, § 56–407a (1967), declared that the Continental Insurance Company case was no longer to be followed.

Wert v. Burke, 47 Ill.App.2d 453, 197 N.E.2d 717 (1964), also cited by plaintiff decided that an uninsured motorist insurer could intervene in a case by the insured against the tort-feasor. But nothing said in the Wert case compels a finding that intervention was improperly granted in the instant case. It is inconsistent to state, as does the court in Wert that the intervenor must take the case with the issues as joined by the plaintiff insured and the defendant tort-feasor, and yet to say that the court may determine the disputed question of the defendant tort-feasor's lack of

insurance, which plays no proper role in the determination of either tort liability or damages. Moreover, the uninsured motorist carrier is not required to elect between two sets of perfectly good and in no way inconsistent defenses. Accordingly, we hold that Transit established that its representation by defendant Jackson was inadequate and that it might be bound by a judgment in plaintiff's action against defendant Jackson, Rule 52.11(a)(2); therefore, Transit had a right to intervene and the court had no discretion to deny its motion.

■ Having established that Transit had the right to intervene, the next question is what may Transit do to protect its interests which were previously unprotected by a defaulting party—a judgment against whom is binding by collateral estoppel against Transit in a subsequent action as to issues determined in the first case. Plaintiff argues that Transit was improperly allowed to raise defenses which defendant Jackson had not raised. This argument mistakes the basic scope of intervention. While it is true that an intervenor must accept the action pending as he finds it *at the time of intervention* his rights *thereafter are as broad as those of any other parties to the action.* Having been permitted to become a party in order to better protect his interest, an intervenor is allowed to set up his own affirmative cause or defense appropriate to the case and his intervention.[1]

■ The court in the Craig case, supra, permitted the uninsured motorist carrier to intervene ". . . only to the extent of *contesting* the issues raised by Count I . . . ." (Emphasis added.) For an intervenor effectively to contest the charge of negligence, it is evident that it should be permitted to raise all defenses to that charge—both affirmative and negative—which the defendant himself could have raised had he appeared. In City of St. Joseph v. Hankinson, 312 S.W.2d 4 (Mo. 1958), where a party was allowed to intervene as a member of the class of persons named as defendants in an annexation proceeding, the court noted that the intervening party was ". . . entitled to raise any legitimate defenses which came within the general scope of the original suit, and which the original defendants might have raised . . . ." Here, defendant Jackson filed no responsive pleadings; hence, Transit had the right to contest the issue of negligence in its intervening answer with all legitimate defenses within the general scope of the charge. To hold otherwise would permit Transit to intervene so that it may sit in court and watch plaintiff take a default from the vantage point of counsel table instead of from the back benches.

■ Finally, plaintiff complains that the court erred in the giving of Instructions Nos. 3 and 4. Instruction No. 3 was her own verdict director, while Instruction No. 4 was a direct converse of the sole issue of excessive speed submitted for recovery in Instruction No. 3. Also, Instruction No. 3 required the jury to find that defendant Jackson was the driver. Instruction No. 4 required the jury to make the same findings, and was a simple converse of Instruction No. 3. We find plaintiff's allegation of error to be without merit. First, plaintiff may not predicate error on the giving of her own instruction. Blankenship v. Kansas City Terminal Ry. Co., 462 S.W.2d 650 (Mo.1971). Nor, secondly, may she complain of an instruction as erroneous where the proposition contained in it was but the converse in expression of an instruction given for her. Baker v. J. W. McMurry Contracting Co., 282 Mo. 685, 223 S.W. 45 (1920) [10].

Accordingly, judgment affirmed.

SMITH, P. J., and CLEMENS, J., concur.

SMITH, Presiding Judge (concurring).

I concur in the opinion of the court but feel some additional comments concerning

---

1. 59 Am.Jur.2d, Parties, § 181 (1971).

procedure in this area are required. Uninsured motorist litigation presents problems which are not easily resolved by application of common law principles or our present rules of procedure. Recovery under uninsured motorist insurance requires a plaintiff to establish liability and injury under tort principles against the uninsured motorist, and thereafter policy coverage against the insurance company under contract principles. Traditionally we have not permitted such causes of action to be combined in a single lawsuit where the tortfeasor and the contracting company are different. See State ex rel. Cozean v. Meyer, 449 S.W.2d 377 (Mo.App.1969). Such an approach requires that a claim under an uninsured motorist provision be litigated through two lawsuits; a process which serves no advantage to the litigants, the busy courts or the public. Possibly that approach should be reexamined in a proper case, which this is not.

We have held here that the insurance company has a *right* to intervene in this litigation pursuant to Rule 52.12(a), which conclusion is logical and necessary to protect the insurance company. As 52.12(a) is presently written, the intervention is one of right and I find no basis upon which a trial court can condition that intervention.

It appears to me that the unique nature of this type litigation and the frequency with which it occurs would warrant an examination by the Supreme Court Rules Committee of procedures for this specific type of litigation. I see no reason why a rule cannot provide for combining the tort and contract causes of action for trial. Nor can I see any reason why the right of the insurance company to intervene in the underlying litigation cannot be conditioned upon its agreement to try liability, damages and coverage in one lawsuit. The law must be and is flexible enough to accommodate the changes constantly occurring in society. When a unique and frequent type of litigation emerges we should develop procedures to efficiently deal with it. As to uninsured motorist litigation we have not as yet done so.