50423, 50424. GREGORY v. ALLSTATE INSURANCE COMPANY (two cases).

ARGUED FEBRUARY 26, 1975 — DECIDED MARCH 19, 1975 — REHEARING DENIED APRIL 4, 1975.

462

*Nicholson, Fleming & Blanchard, John Fleming,* for appellants.
*Allgood & Childs, Gary A. Glover,* for appellee.

DEEN, Presiding Judge.

The insurer contends that the policy notice provision was not complied with, in that it is undisputed that if plaintiff's attorney gave notice to Allstate within a proper time the notice was not written, and if the forwarding of suit papers be considered written notice it was not timely. However, counsel for the insurance company state in their brief: "The appellee agrees with the appellant that the policy provision in subsection 10, action against the company, has no applicability to this case. The appellee never relied on this subsection of the policy in its Motion for Summary Judgment." The reason for this statement, which is of course legally correct, is that the present case is not an "action against the company." It was filed, as provided by statute, against the defendant Roach, and the uninsured motorist insurer was informed, also according to statute, by service upon it of a copy of the suit papers. This did not make the case an "action against the company," and therefore there was no flat disregard of a *condition precedent.* The insurer has entered this litigation as an intervenor, and therefore takes the case as it finds it *(Graves v. Decatur,* 167 Ga. 690 (146 SE 635)) along with the rights granted by Code Ann. § 56-407.1 (d) to "file pleadings, and take other action allowable by law in the name of either the known owner or operator or both or itself." It may therefore complain of a violation of the policy provisions, but may not complain that this is a violation of a condition precedent to an action *against it.* Where a policy requires some act to be performed but does not also stipulate that failure to do so will void the contract, the contract, although breached, is not forfeited. "Where an insurance policy stipulates that proofs of loss must be furnished by the insured to the insurer within sixty days. . . but contains no express provision that the policy shall be void or forfeited upon failure to furnish proofs as required. . . The failure of the insured to furnish proofs of loss within sixty days from the fire will not work

a forfeiture of the policy." *Harp v. Fireman's Fund Ins. Co.,* 130 Ga. 726 (61 SE 704). Nor will such failure preclude a form of action as to which it is not made a condition precedent to bringing it.

Whether or not notice was given prior to service of suit papers is contested and cannot be decided on summary judgment. It is admitted that the timely notice claimed to have been given was not in writing; this is, however, not a condition precedent to the bringing of the present action. Whether, then, notice was given "as soon as practicable" is also a jury question, and where failure to do so is not made the breach of a condition precedent, the real defense must be based on the issue of whether the insurer has been prejudiced by delay. As stated in Squires v. Nat. Grange Mut. Ins. Co., 247 S. C. 58, 68 (145 SE2d 673): "The uninsured motorist endorsement becomes operative, not when there has been an accident, but when it is ascertained that the operator was uninsured. Where the uninsured motorist endorsement provides for notice as soon as practicable, this should be interpreted as if it read as soon as practicable after discovery of the uninsured status, and means within a reasonable time under all of the circumstances if the insured was reasonably diligent in his efforts to determine the insurance status of his adversary. Brown v. Motor Vehicle Acc. Ind. Corp., 24 Misc. 2d 550, 206 NYS2d 294."

In the present case the defendant was known and apparently had liability coverage. The defendant was also a nonresident and a fair amount of time was necessarily consumed before coverage could be disproved, especially in view of the ambiguous statement naming the putative insurer as "Farmers Group." According to the plaintiff, the appellee was notified of the collision and asked to help ascertain whether such an insurer existed. Even after the suit was filed, the defendant could not be located and it was another nine months before service was perfected upon him. All of these facts are to be considered in determining whether notification was in fact timely, and if not whether the insurer was prejudiced.

*Employees Assurance Society v. Bush,* 105 Ga. App. 190 (123 SE2d 908) is distinguishable in that there the suit was directly between the plaintiff in judgment and

the defendant's insurance carrier; written notice to the company was a condition precedent to bringing the action and was complied with, but the court held that a jury question was posed on whether the insurer had been notified of the filing of the damage suit, also a condition precedent, and which could not be disposed of on summary judgment in view of the plaintiff's contention that he had shown the papers to an agent of the defendant. In *Stubbs v. State Farm Mut. Auto. Ins. Co.,* 120 Ga. App. 750 (172 SE2d 441) the grant of summary judgment is grounded on the facts that no written notice was ever given and that such notice is by the policy made a condition precedent to the action. However, this was concurred in by only two judges and is no more than a physical precedent.

*Wolverine Ins. Co. v. Sorrough,* 122 Ga. App. 556 (177 SE2d 819) is cited for the proposition that where a condition precedent to suit is in fact violated the question of prejudice does not arise. Judge Eberhardt in writing that opinion, however, in stating no written notice was in fact given, and notice in writing was a condition precedent to the suit, pointed out that where there was oral notice given and it appeared that the company did have actual notice "in acting upon the oral notice there was at least a jury question as to whether there was a waiver of the written notice requirement." Here the plaintiff's attorney deposed that he gave oral notice to one adjuster, and that this was acted upon at least to the extent of another adjuster calling back at a later time to ascertain the status of the claim.

*Corbin v. Gulf Ins. Co.,* 125 Ga. App. 281 (187 SE2d 312) was a declaratory judgment action by the company against its insured who has filed a tort action against an unknown hit-and-run motorist. The circumstances of that case are different in that the fact that the tortfeasor was unknown was ascertainable immediately. The policy provisions are different in that there was a requirement that notice under oath be filed with both the company and the Department of Public Safety within 30 days, and no notice at all was ever filed. Further, under that policy, "hit and run automobile" was so defined that it only became such upon the filing of the affidavit. Lastly, in that policy the filing of the affidavit was a condition

precedent to an action between the parties.

In Allstate Ins. Co. v. Edwards, 237 FSupp. 195, it was held as a matter of law that the breach because of failure to give written notice as soon as practicable voided coverage, and summary judgment was granted to Allstate. The opinion states that failure to report the accident was shown by undisputed evidence to have materially prejudiced the insurer. Thus more than mere *form* of notice was involved.

In the present case, as all parties admit, Section 10, making written notice a condition precedent to filing suit, is not involved. Unless the policy was breached by the plaintiff and this breach materially prejudiced the insurer, the fact that the notice, if given, was not in writing is not involved. Prejudice is not likely in this case, where nine months elapsed between the filing of the action and service on the alleged tortfeasor. Whether the insurer had actual notice, and whether it acted on it, remains a question of fact. The grant of the summary judgment was error.

*Judgment reversed. Evans and Stolz, JJ., concur.*