### 53995. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY v. WOOD et al.

MARSHALL, Judge.

The appellees, an insured and his wife, brought actions against a known driver and a "hit-and-run" driver for damages for injuries arising out of a three-vehicle automobile collision. The plaintiff insured served his uninsured motorist insurer, the appellant, which answered in its own name. The plaintiff insured admittedly failed to comply with the policy provision which required him to file a sworn statement with the insurer, within 30 days after the accident, that he had a cause of action arising from the accident for damages against a person whose identity was unascertainable. The insurance policy provides that compliance with this notice provision is a condition precedent to an action against the insurer. The insured's answer to the insurer's

interrogatories revealed that he had orally reported the occurrence of the accident to his insurance agent within 3 days of the accident, and had told him all facts surrounding the occurrence including those of an unknown vehicle, as related to him by the defendant known driver, and that the agent did not advise or request him to do anything further in this regard. The insurer appeals from the denial of its motion for summary judgment. *Held:*

The policy provision making compliance with this notice provision a condition precedent to an action against the insurer, is not applicable in these actions, which are against the known driver and the unknown, uninsured motorist, rather than against the insurer. *Gregory v. Allstate Ins. Co.,* 134 Ga. App. 461, 463 (214 SE2d 696) (1975). Therefore, the appellees' failure to comply therewith does not entitle the appellant to a summary judgment upon that basis in the present actions, although it would in actions against the insurer, absent conduct of the insurer constituting waiver or estoppel as to the provisions. See *Govt. Employees Ins. Co. v. Gates,* 134 Ga. App. 795, 796 (216 SE2d 619) (1975) and cits. As this court expressed it in *Gregory,* supra, pp. 463-464, the insurer, as an intervenor, may therefore complain that this is a violation of a condition precedent to an action *against it.* "[When] a policy requires some act to be performed but does not also stipulate that failure to do so will void the contract, the contract, although breached, is not forfeited . . . Nor will such failure preclude a form of action as to which it is not made a condition precedent to bringing it."

In the present case, as in the *Gregory* case, supra, the policy contained a provision (Part V, par. 3) requiring written notice of an accident containing all particulars to be given by or for the insured "as soon as practicable." In *Gregory,* supra, in which the timely notice claimed to have been given was not in writing, as in the present case, the court held at p. 464: "Whether then, notice was given 'as soon as practicable' is also a jury question, and where failure to do so is not made the breach of a condition precedent, the real defense must be based on the issue of whether the insurer has been prejudiced by delay."

Accordingly, in the present case, there were genuine

issues of material fact as to the timeliness and adequacy of the appellees' notice and the insurer's prejudice by delay; therefore, the trial judge properly overruled the insurer's motion for summary judgment.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

ARGUED JUNE 6, 1977 — DECIDED JULY 8, 1977 — REHEARING DENIED JULY 21, 1977 — 

*Donald M. Fain, Michael S. Reeves,* for appellant.
*Mundy & Gammage, John M. Strain, Van Gerpen & Bovis, Steven J. Kyle,* for appellees.