58941. MOSS et al. v. CINCINNATI INSURANCE COMPANY.

CARLEY, Judge.

Appellants were injured when the automobile in which they were riding left the road and turned over several times. They filed a suit for damages against John Doe, pursuant to Code Ann. § 56-407.1 (d), alleging that the vehicle of an unknown driver struck their vehicle, forcing it off the road, as a result of which appellants suffered injuries. As appellants' uninsured motorist insurance carrier, appellee was served with the complaint. Appellee answered the complaint in its own name and subsequently moved for summary judgment on various defenses involving its liability to appellants under the uninsured motorist endorsement. The trial court entered an order granting appellee's motion from which order this appeal has been taken.

One of the grounds upon which summary judgment was granted was appellants noncompliance with a provision of the uninsured motorist endorsement which required that the insured file with the insurer, within 30 days of the loss, a written statement, under oath, that the insured has a cause of action against a person whose identity is unascertainable, giving facts in support of that allegation.

Appellants raise several arguments in support of their contention that summary judgment on that ground was improperly granted. First, they assert that they substantially complied with the reporting requirement by telling the adjuster who investigated the occurrence that another car was involved. That assertion is not factually supported by the record. The adjuster swore unequivocally that he was never informed by either appellant of the involvement of any other car. Appellant Hula Moss' statement in his deposition that he doesn't remember what he told the adjuster does not create a question of fact. Even if appellants established that oral notice had been given, it would not satisfy the written notice requirement. *Corbin v. Gulf Ins. Co.,* 125 Ga. App. 281, 284 (187 SE2d 312) (1972).

Appellants' efforts to establish a jury question regarding a purported waiver of the reporting requirement are equally ineffective. Appellants' argument on this issue is based on the

failure of the adjuster, who was not informed of the alleged involvement of another car, to explain uninsured motorist coverage and file the required report on appellants' behalf. The insurer is not under a duty to notify an insured to give notice of loss (*Government Employees Ins. Co. v. Gates,* 134 Ga. App. 795, 796 (216 SE2d 619) (1975)), nor is there a confidential relationship existing between an insured and the insurer's adjuster. *Henry v. Allstate Ins. Co.,* 129 Ga. App. 223, 227 (199 SE2d 338) (1973). Appellants have raised no jury question of the insurer's waiver of the reporting requirement.

Appellants' argument that the 30-day reporting requirement is void because it restricts coverage under the uninsured motorist endorsement or because it imposes on the insured requirements not made by the statute is without merit. That policy provision has been held to be binding. *Corbin v. Gulf Ins. Co.,* supra.

Appellants' final argument on this issue is that the defense based on noncompliance with the reporting requirement is not applicable in this action because that requirement is a condition precedent to a suit against the uninsured motorist insurance carrier and this suit is not against the carrier but against the unknown motorist whose vehicle allegedly struck appellants' vehicle. See *Gregory v. Allstate Ins. Co.,* 134 Ga. App. 461 (214 SE2d 696) (1975).

That argument presents for determination the procedural and substantive effect of the decision of an insurance carrier, served pursuant to Code Ann. § 56-407.1 (d) with a complaint by its insured against an allegedly uninsured motorist, to exercise the option granted by that statute to file pleadings in its own name.

First, it is important to note that this court has interpreted the Uninsured Motorist Act to require, as a condition precedent to a suit against the insurance carrier, that the insured first sue and recover a judgment against the uninsured motorist, whether known, *State Farm Mut. Auto. Ins. Co., v. Girtman,* 113 Ga. App. 54 (147 SE2d 364) (1966), or unknown, *King v. State Farm Mut. Auto. Ins. Co.,* 117 Ga. App. 192 (1) (160 SE2d 230) (1968). Although the statute does not, by its express terms, require such a condition precedent, this court decided in *Girtman,* supra, that since the insurer was liable for the amount which the insured "shall be legally entitled to recover" from the uninsured motorist (Code Ann. § 56-407.1 (a)), that liability for damages "should be ascertained in an appropriate forum before the bringing of a suit against the insurance company under such coverage." *Girtman,* supra at 58. Those decisions, therefore, provide the context in which the issue in the instant case arises: The effect of the participation of the insurance carrier in a

suit by the insured against an uninsured motorist.

From 1963, when the Uninsured Motorist Statute was enacted, until it was amended in 1967, it was provided that the insurer was to be served with a copy of the petition and, if it was a John Doe action, the insurer could file pleadings in the name of John Doe. (Ga. L. 1963, p. 588; 1964, p. 306.) It should be noted that *Girtman* was decided under that statute.

Prior to 1967, an insurer which elected to defend such an action thereby admitted coverage and could not raise defenses other than as to the matter of tort liability. *Continental Ins. Co. v. Smith,* 115 Ga. App. 667 (155 SE2d 713) (1967); *United Services Auto. Assn. v. Logue,* 117 Ga. App. 717 (162 SE2d 12) (1968). The theory behind those holdings was that the insurer could participate only by intervention; intervention was permissible only because the insurer had an obligation to the plaintiff-insured; therefore, intervention amounted to an admission of that obligation and barred the raising of any defenses based on the insurance policy. In 1967, however, the statute was amended to give the insurance carrier the right to file pleadings in the name of the alleged tortfeasor, whether known or unknown, *or in its own name.* (Ga. L. 1967, pp. 463, 464). In *Doe v. Moss,* 120 Ga. App. 762 (172 SE2d 321) (1969), this court, analyzing the effect of the 1967 amendment, overruled *Continental Ins. Co. v. Smith,* supra, and *United Services Auto. Assn. v. Logue,* supra, and recognized that the status of the carrier of uninsured motorist coverage in the action had been changed:

"An action against an unknown uninsured motorist or against an insurer carrying uninsured motorist coverage is a statutory one, and because the insurer may be adversely affected by the judgment, statutory provisions have been adopted applying as well to actions against a known uninsured motorist.

"Regardless of who may be named as the defendant in an action against an uninsured motorist — whether the known operator or owner of the offending vehicle, or 'John Doe' — it is an action in which the carrier of uninsured motorist coverage for the plaintiff is a party at interest.

"Recognizing this simple fact, the General Assembly amended Code § 56-407A, as we have indicated, to facilitate the administration of litigation. A Company carrying this coverage is now permitted to 'file pleadings and take any other action allowable by law' whether the operator or owner of the vehicle causing injury be known or unknown. This permits the filing by the company, in the name of the company or in the name of the uninsured motorist,

or in the name of 'John Doe,' of any pleading that could be filed by the owner or operator of the offending vehicle in his own behalf, and, additionally it may file in its own behalf any appropriate pleadings allowable by law. This applies, as we have indicated, to actions against 'John Doe' as well as to those brought against a known owner or operator. The filing of these pleadings does not amount to an admission of liability or of coverage by the insurer.

"The cases of *Continental Ins. Co. v. Smith,* 115 Ga. App. 667, supra, and *United Services Automobile Assn. v. Logue,* 117 Ga. App. 717, supra, being inconsistent with the statute, as now amended, will not be followed." *Doe v. Moss,* supra at 765.

The effect of the 1967 amendment on the status of the insurance carrier in such cases was further analyzed in *U. S. Fidelity &c. Co. v. Bishop,* 121 Ga. App. 75 (172 SE2d 855) (1970). There, the insurer filed a declaratory judgment action to determine whether it had any liability to its insured. On appeal from the dismissal of the insurance carrier's suit, this court noted that the insurance carrier, having been served in the tort action between its insured and the alleged uninsured motorist, ". . . is free to file in that action whatever defensive pleadings it may consider appropriate to protect its rights without conceding any liability or otherwise jeopardizing its interest. This could include, of course, appropriate pleadings, to reach the issues of whether a defendant in that action can implead an alleged John Doe tortfeasor, under the uninsured motorist law or for other reasons, or any resulting liability of an insurer in respect to uninsured motorist coverage, if John Doe should be held liable, either jointly or severally." *U. S. Fidelity &c. Co. v. Bishop,* supra at 77. Based on the carrier's right to raise defenses concerning its ultimate liability to its insured, this court held that the essential element in a declaratory judgment action of necessity for direction was lacking and the suit was properly dismissed.

The next step in the growth of the scope of the carrier's permissible participation in such actions appeared in *Home Indemnity Co. v. Thomas,* 122 Ga. App. 641 (178 SE2d 297) (1970). Laying to rest the notion that the carrier's status in the action *must* be that of an intervenor, this court held that the right of the carrier to file pleadings in its own name accorded it the status of a named party.

"In our view this statutory right is one which is not governed by the rules pertaining to intervention but accords to the insurer issuing a policy providing uninsured motorist coverage to the plaintiff, admitted or disputed, the right at its election to

participate indirectly in the proceedings, without becoming a named party, by filing pleadings or taking other action allowable by law, in the name of the owner or operator, or both. Such insurer may also participate directly in its own name in the proceedings by filing pleadings or taking other action allowable by law, in which event it assumes the status of a named party. See *Doe v. Moss,* 120 Ga. App. 762 (172 SE2d 321); *United Fidel. &c. Co. v. Bishop,* 121 Ga. App. 75 (172 SE2d 855)." *Home Indemnity Co. v. Thomas,* supra. at 641.

Why, then, if the insurance carrier becomes a named party defendant by filing pleadings in its own name, did this court, in *Gregory,* supra, hold that a defense involving a condition precedent to recovery against the carrier could not be raised in a suit originally filed against the uninsured motorist? The answer to that question may be found in the statement of the case in that opinion and in the holding. The plaintiff there filed suit in November, 1973, and had Allstate served by second original. In January, 1974, "Allstate moved to *intervene* in the litigation between the Gregorys and Roach . . ." *Gregory,* supra at 462. (Emphasis supplied.) Then, in the holding in that case, it was noted that the fact that the plaintiff caused the carrier to be served "did not make the case an 'action against the company,' and therefore there was no flat disregard of a *condition precedent.* The insurer has entered this litigation as an intervenor, and therefore takes the case as it finds it [Cit.] along with the rights granted by Code Ann. § 56-407.1(d) to 'file pleadings, and take other action allowable by law in the name of either the known owner or operator or both or itself.' It may therefore complain of a violation of the policy provisions, but may not complain that this is a violation of a condition precedent to an action *against it.*" *Gregory,* supra at 463.

It may be seen, then, that in *Gregory,* the insurance carrier did not assume the status of a named party defendant; it was, apparently by choice, an intervenor. Therefore, the action was not one against the carrier.

The parties to the instant case, however, occupy a significantly different procedural posture. Appellants caused appellee to be served in this case pursuant to Code Ann. § 56-407.1 (d). Appellee elected to participate *directly* in the matter *in its own name,* assuming the status of a named party. *Home Indemnity Co. v. Thomas,* supra. As such, appellee enjoyed the right to file pleadings to reach the issue of any resulting liability it may have to appellants if John Doe should be held liable. *U.S. Fidelity &c. Co. v. Bishop,* supra.

We hold, therefore, that appellee occupied in this litigation the position of a named party defendant by virtue of its election to file pleadings in its own name. With that status comes the right to contest the liability of the alleged tortfeasor and any resulting liability under the policy, including the right to assert a failure by the insured to comply with a condition precedent to recovery against the insurance carrier. Of course, with the right to defend there must come the attendant risk of defeat, which would result in a judgment against the insurance carrier in favor of the insured for the amount the insured would be legally entitled to recover from the tortfeasor.

We recognize that the effect of this holding is to permit the consolidation, at the election of the insurer, of two suits — one against the known or unknown tortfeasor, and one against the insurer. But we see no conflict between this arrangement and Code Ann. § 56-407.1. There are still two issues to be decided in such suits: tort liability and coverage. The insurer may elect to plead only in the name of the alleged tortfeasor, thereby obtaining an adjudication of tort liability without the potentially prejudicial injection into the case of the presence of insurance coverage. But, if the insurer takes the position that, regardless of tort liability, there is no liability to the insured under the policy, it may plead in its own name and receive an adjudication on that issue without resorting to an action for declaratory judgment or being put to the expense of defending two lawsuits. By the same token, all the rights granted an insured by Code Ann. § 56-407.1 are preserved. Indeed, the same considerations regarding the expense of multiple lawsuits inure to the benefit of plaintiffs. Therefore, the rights of all parties are preserved and the principle of judicial economy is advanced by this holding.

Our holding on this issue clearly conflicts with the holdings in *Girtman* and *King,* supra. However, *Girtman* (on which *King* relies without an independent analysis of the statute) was decided under the statute as it existed before the 1967 amendment. Since, as we have shown above, that amendment greatly broadened the scope of the insurer's permissible participation in suits brought by the insured against the uninsured motorist, we find that the legislature has, in effect, vitiated the precedential value of those cases. Decisions issued subsequent to *Girtman* and *King,* citing their holdings, did not address the statutory change in that context. We hold that, in cases in which the insurer elects to defend in its own name, the legislature's expansion of the insurer's role has obviated the requirement that a judgment be obtained against the uninsured

motorist as a condition precedent to a determination of questions of coverage.

There is another apparent obstacle to our resolution of this matter. In *Ga. Farm &c. Ins. Co. v. Wood,* 143 Ga. App. 35 (237 SE2d 448) (1977), a case in which the insurance carrier answered in its own name the suit by its insured against an unknown uninsured motorist, this court held that the defense here involved was not available because that action was not a suit against the insurer. The fatal flaw in that case, however, is in its reliance on *Gregory,* supra, and on the insurance carrier's status as an "intervenor." Under our analysis, the insurance company there, having answered in its own name, was not an intervenor but a named party defendant. Therefore, insofar as *Ga. Farm &c. Ins. Co. v. Wood* supra, conflicts with the holding herein that defenses based on noncompliance with conditions precedent to recovery under the policy may be raised by an insurance carrier which answers a suit against an uninsured motorist in its own name, it is herewith overruled.

Since, as we have held above, there is no question of fact on the issue of appellants' noncompliance with the reporting requirement, which compliance is a condition precedent to recovery under the policy (*Corbin v. Gulf Ins. Co.,* supra.), and since that defense is available to the insurer, it follows that appellee was entitled to judgment as a matter of law and that the grant of summary judgment was correct.

*Judgment affirmed. Deen, C. J., Quillian, P. J., McMurray, P. J., Smith, Shulman, Banke, Birdsong and Sognier, JJ., concur.*

ARGUED NOVEMBER 6, 1979 — DECIDED MARCH 11, 1980 — REHEARING DENIED MARCH 27, 1980.

*James O. Goggins,* for appellant.
*Elmer L. Nash, John C. Parker,* for appellee.