## 60521, 60522. McGOWAN v. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY (two cases).

CARLEY, Judge.

Appellants Paul McGowan and Donald McGowan were injured in an automobile collision on March 4, 1977, when their vehicle was struck by an automobile being driven by Robert Pullin.

The McGowans filed separate suits against Pullin on March 2, 1979 in Long County. While Pullin's last known address had been in Fulton County, venue for the suits was predicated upon Code Ann. § 56-407.1, which permits suits against uninsured motorists who "cannot after due diligence be found within the State" to be filed in the county of the plaintiff's residence. The McGowans alleged in an affidavit that attempts had been made to serve Pullin at his Fulton County address but that he could not be located. The trial judge subsequently allowed service by publication in these cases pursuant to the provisions of Code Ann. § 56-407.1 (e).

Appellee Georgia Farm Bureau Mutual Insurance Company ("Georgia Farm") intervened in the cases as a defendant and filed motions to dismiss the McGowans' complaints. Georgia Farm alleged that Pullin could have been served (and in fact *was* served in a separate suit filed by Paul McGowan in Fulton County Superior Court on March 8, 1977) if due diligence had been exercised by the McGowans. Since Pullin was eventually found in Fulton County at the address listed as his home address on the police accident report filed in connection with the collision, Georgia Farm argued that venue in the Long County suit was improper.

The trial court reserved its ruling on Georgia Farm's motions to dismiss, and on January 2, 1980, Georgia Farm filed motions for summary judgment in each case. In its motions for summary judgment Georgia Farm alleged that its uninsured motorist coverage of Paul McGowan's automobile did not become effective until March 7, 1977, three days after the collision. In support of its position, Georgia Farm attached a copy of McGowan's liability insurance policy declaration which showed an effective date of March 7, 1977 for all coverage afforded including uninsured motorist coverage.

In separate orders filed on April 3, 1980, the trial court granted Georgia Farm's motions to dismiss and motions for summary judgment against the McGowans. From these orders of the trial court, the McGowans have brought separate appeals which have been consolidated for disposition by this court.

The McGowans have each enumerated but one error, both contending that "the trial court erred in sustaining [Georgia Farm's] Motion for Summary Judgment and dismissing plaintiff's complaint when the evidence showed that defendant Pullin could not be located for service of process."

Pretermitting any question as to improper venue, we find that the trial court correctly granted Georgia Farm's motions for summary judgment. Georgia Farm's motions for summary judgment asserted that the uninsured motorist coverage pursuant to which the McGowans were seeking recovery against Georgia Farm was *not* in force on the date the collision in question occurred. This assertion was supported by the provision of Paul McGowan's policy which listed the "effective date" of uninsured motorist coverage on McGowan's automobile as March 7, 1977. Georgia Farm's prima facie showing that no coverage existed was opposed by only the bare, unsworn allegation of the McGowans' counsel that "[t]he vehicle involved herein was an addition to plaintiff's existing policy with [Georgia Farm], and said vehicle was purchased less than thirty (30) days prior to addition to said policy." No evidence, documentary or otherwise, was proffered to establish the accuracy of this statement, and the legal significance of the statement was not explained. In short, the McGowans failed to establish an issue of fact as to whether or not uninsured motorist coverage of Paul McGowan's automobile existed at the time of the collision.

Since no genuine issue of material fact was shown to be present, summary judgment for Georgia Farm was proper. Compare *Moss v. Cincinnati Ins. Co.,* 154 Ga. App. 165 (268 SE2d 676) (1980).

*Judgments affirmed. Quillian, P. J., and Shulman, J., concur.*

SUBMITTED SEPTEMBER 16, 1980 — DECIDED DECEMBER 1, 1980 — REHEARINGS DENIED DECEMBER 19, 1980 —

*Richard D. Phillips,* for appellants.
*Morton G. Forbes,* for appellee.