S00Q2003. YORK INSURANCE COMPANY v. WILLIAMS
SEAFOOD OF ALBANY, INC.
(544 SE2d 156)

FLETCHER, Presiding Justice.

Williams Seafood of Albany suffered a complete loss when its restaurant building collapsed into a sinkhole following a flood. Williams' insurer, York Insurance Company, brought a declaratory judgment action in federal district court to determine coverage. The trial court held that the loss was not covered. On appeal, the Eleventh Circuit Court of Appeals certified to this Court the question of whether the policy covers damage caused by a sinkhole collapse that was precipitated by a flood.[1] Because the policy, when read as a whole, does not extend its flood exclusion to the sinkhole coverage, we answer the question in the affirmative and hold that the policy covers damage produced by a sinkhole collapse that was precipitated by a flood.

---

[1] *York Ins. Co. v. Williams Seafood of Albany, Inc.*, 223 F.3d 1253 (11th Cir. 2000).

1. The parties agree that the loss in this case was due to a sinkhole collapse precipitated by a flood. The insurance policy provides coverage for sinkhole collapse, but also excludes coverage for damage caused directly or indirectly by flood. The relevant provisions provide:

**BUILDING AND PERSONAL PROPERTY COVERAGE FORM**

    A. COVERAGE

        We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

    . . . .

        3. Covered Causes of Loss

            See applicable Causes of Loss Form as shown in the Declarations.

    . . . .

    B. EXCLUSIONS

        See applicable Causes of Loss Form as shown in the Declarations.

**CAUSES OF LOSS – SPECIAL FORM**

    A. COVERED CAUSES OF LOSS

        When Special is shown in the Declarations, Covered Causes of loss means RISKS OF DIRECT PHYSICAL LOSS unless the loss is:

        1. Excluded in Section B., Exclusions; or

        2. Limited in Section C., Limitations;

        that follow.

    B. EXCLUSIONS

    1. We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

    . . . .

        g. Water

            (1) Flood, surface water. . . .

    . . . .

    D. ADDITIONAL COVERAGE – COLLAPSE

    We will pay for loss or damage caused by or resulting from risks of direct physical loss involving collapse of a building or any part of a building caused only by one or more of the following:

    1. The "specified causes of loss" or breakage of building glass,

all only as insured against in this Coverage Part. . . .

. . . .

F. DEFINITIONS
"Specified Causes of Loss" means the following: . . . sinkhole collapse. . . .
1. Sinkhole collapse means the sudden sinking or collapse of land into underground water on limestone or dolomite.

The relevant rules of contract construction guide the analysis of these contract provisions. In construing an insurance contract, a court must consider it as a whole, give effect to each provision, and interpret each provision to harmonize with each other.[2] The policy should be read as a layman would read it.[3] Additionally, exclusions will be strictly construed against the insurer and in favor of coverage.[4]

2. The Building and Personal Property Coverage Form and Causes of Loss Form provide that all risks are covered unless specifically excluded or limited in sections B and C. After defining the scope of coverage only by reference to sections B and C, the policy extends "Additional Coverage" in section D at the end of the policy. This additional coverage in section D contains its own exclusions and does not reference the exclusions in the earlier sections of the policy. Thus, reading the policy as a whole, it is clear that the coverage in section D is not subject to the exclusions in section B. Therefore, the sinkhole coverage is not limited by the exclusion for damage by flood.

Any other reading would render the Additional Coverages found in section D to be superfluous because sinkhole collapse is already covered under section A. Section A of the cause of loss form provides "covered causes of loss means risks of direct physical loss unless the loss" is excluded in section B or limited in section C. A layman reading this policy would understand that damage from any cause, including sinkholes, would be covered unless an exclusion or limitation from section B or C applies. Section B.1.b. makes this analysis explicit by carving out an exception for sinkhole collapse from its exclusion for "earth movement." Thus, Williams had sinkhole coverage even in the absence of section D. That sinkhole coverage, however, was subject to the exclusion for any damage caused by flood. If the flood exclusion also applied to section D, the additional coverage in section D would be meaningless.

---

[2] *Boardman Petroleum, Inc. v. Federated Mut. Ins. Co.*, 269 Ga. 326, 328 (498 SE2d 492) (1998).
[3] *Nationwide Mut. Fire Ins. Co. v. Collins*, 136 Ga. App. 671 (222 SE2d 828) (1975).
[4] *Richards v. Hanover Ins. Co.*, 250 Ga. 613, 615 (299 SE2d 561) (1983).

*Question answered in the affirmative. All the Justices concur.*

DECIDED MARCH 19, 2001 —
RECONSIDERATION DENIED APRIL 12, 2001.

Certified question from the United States Court of Appeals for the Eleventh Circuit.

*Drew, Eckl & Farnham, Peter H. Schmidt II, Elizabeth B. Clarke,* for appellant.

*Robert B. Langstaff, Robert B. Langstaff, Jr.,* for appellees.