A03A1135. MUNOZ v. PACIFIC INSURANCE COMPANY, LTD.
(582 SE2d 207)

BLACKBURN, Presiding Judge.

In this action for damages resulting from an attack within an apartment complex, Gaspar Munoz appeals the trial court's grant of summary judgment to Pacific Insurance Company, Ltd. ("Pacific"), arguing that there are genuine issues of material fact and that Pacific is not entitled to summary judgment as a matter of law. For the reasons set forth below, we affirm.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable con-

clusions and inferences drawn from it, in the light most favorable to the nonmovant.

*Matjoulis v. Integon Gen. Ins. Corp.*[1]

Viewed in this light, the record shows that on July 11, 1998, Munoz was attacked in the parking lot of his apartment complex by unknown assailants. During the attack, Munoz was struck in the eye with a bottle, the blow resulting in the loss of his eye.

On July 11, 2000, Munoz filed suit against his landlord and the apartment complex management company, both corporate entities. It is undisputed that neither of the corporate defendants received actual notice of the lawsuit. There was no personal service on either of the corporations; one was served pursuant to OCGA § 14-2-504 (b), which allows a corporation to be served by registered or certified mail addressed to the secretary of the corporation at its principal office, and the other was served pursuant to OCGA § 14-9-104 (h), which authorizes substituted service on the Secretary of State. It is also undisputed that Pacific, the insurer of the landlord and the management company, did not receive actual notice of the lawsuit.

The matter went into default, and a default judgment was entered against the corporate defendants. A damages hearing, about which Pacific was not informed, was held by the trial court. On December 21, 2000, the court entered a judgment in favor of Munoz in the amount of $350,000.

On June 14, 2002, Munoz filed a complaint against Pacific. In the complaint, Munoz asserted that he had won a judgment against Pacific's insureds for injuries sustained in the attack at the apartment complex and that the judgment remained unsatisfied. Pacific answered and also moved for summary judgment. The trial court granted Pacific's motion for summary judgment on the ground that Pacific did not receive actual notice of the lawsuit filed against its insureds until after a default judgment was entered against them.

Our review of Georgia law makes clear that the trial court did not err in granting summary judgment to Pacific. Pacific's insureds were covered by a policy which contained a notice provision. That provision requires an insured to see to it that Pacific received written notice of any suit against the insured "as soon as practicable." The policy also requires the insured to immediately send Pacific copies of any demands, notices, summonses, or legal papers received in connection with a lawsuit. Compliance with the notice provision is a condition precedent to coverage under the policy.

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

Georgia cases holding

that giving of notice and forwarding of process by the insured is a condition precedent to the company's liability, and holding for the insurance company on that ground[,] . . . generally fall into two categories. There are those in which the plaintiff who loses because the insured did not forward papers is the insured, in which event it is plaintiff's own failure which bars his claim; and there are those cases in which no one gave notice and suit papers to the company until after plaintiff's case against the insured had gone into default, so that this late notice could do the company no real good.

(Citation and emphasis omitted.) *Stonewall Ins. Co. v. Farone.*[2] The instant case is of the latter type, since it is undisputed that neither Munoz nor the corporate defendants gave Pacific notice that a lawsuit had been filed until after the case went into default. In such cases, this Court has held, as did the trial court in this case, that the defendant insurance company is entitled to summary judgment because it did not receive actual notice of the lawsuit filed against its insured until after a default judgment was entered against the insured. See, e.g., *Ballew v. State Farm &c. Ins. Co.*;[3] *Hardware Mut. Cas. Co. v. Scott*;[4] *Employees Assurance Society v. Bush.*[5]

*Judgment affirmed. Ellington and Phipps, JJ., concur.*

DECIDED MAY 13, 2003.

*Taylor & Viers, Richard T. Taylor*, for appellant.
*Pursley, Lowery & Meeks, John R. Lowery*, for appellee.

---

[2] *Stonewall Ins. Co. v. Farone*, 129 Ga. App. 471, 473 (199 SE2d 852) (1973).
[3] *Ballew v. State Farm &c. Ins. Co.*, 122 Ga. App. 417 (177 SE2d 172) (1970).
[4] *Hardware Mut. Cas. Co. v. Scott*, 116 Ga. App. 637 (158 SE2d 275) (1967).
[5] *Employees Assurance Society v. Bush*, 105 Ga. App. 190 (123 SE2d 908) (1962).