## A05A1701. FEDERATED MUTUAL INSURANCE COMPANY v. OWNBEY ENTERPRISES, INC. et al.

(627 SE2d 917)

ADAMS, Judge.

Federated Mutual Insurance Company appeals from the trial court's denial of its motion for summary judgment and the grant of Ownbey Enterprises, Inc.'s cross-motion for partial summary judgment in Federated's declaratory relief action. Both motions addressed the issue of whether Ownbey had complied with the notice provisions of a commercial general liability policy issued by Federated, thus triggering Federated's duty to defend and indemnify Ownbey in connection with a slip and fall lawsuit filed by Bruce Mattox. In granting Ownbey's summary judgment motion, the trial court found that Federated's attorney admitted in judicio that the company had received actual notice of Mattox's lawsuit and thus the court held that coverage existed under the policy. Federated argues on appeal that the record does not support this finding, and further asserts that it is entitled to summary judgment under the language of the policy.

> In reviewing a grant or denial of summary judgment, this Court conducts a de novo review of the evidence. To prevail at summary judgment . . . , the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.

(Footnote omitted.) *Aames Funding Corp. v. Henderson*, 275 Ga. App. 323 (620 SE2d 503) (2005).

The record shows that on April 1, 2000, Federated issued a commercial general liability policy to Ownbey for a term of one year. The policy was purchased through Federated's local agent, Benton Ballenger, who had handled Ownbey's insurance business in the past. In connection with these transactions, Ballenger furnished Ownbey with a business card listing his mailing address.

On December 24, 2000, Mattox was allegedly injured when he fell at a gas station owned and operated by Ownbey in Cedartown.[1] On March 1, 2001, Mattox's attorney notified Ownbey of Mattox's claim for personal injury arising out of this incident and asked the company to forward notice of the claim to its insurance carrier. Ownbey notified Federated, which assigned a claim number to the incident. On April 6, 2001, Blake McPherson, a Federated field claims representative, wrote Mattox's attorney on behalf of Federated and requested copies of Mattox's medical bills and records. Mattox's attorney responded with a settlement demand package including Mattox's medical information and an offer to settle the matter for $51,500, a figure within the policy limits.

Federated did not inform Ownbey of this offer. Instead, McPherson responded on behalf of Federated, telling Mattox's attorney that it appeared Mattox had fabricated his injuries and there was no evidence that he actually had fallen on Ownbey's property. On August 26, 2002, Mattox's attorney sent McPherson a letter notifying him that Mattox intended to file suit in the Superior Court of Polk County. In addition, the letter made a formal settlement demand under OCGA § 51-12-14 for $51,500. Although McPherson had been transferred to Federated's Nashville, Tennessee, office in November 2001 and was no longer assigned to Ownbey's account, he received the letter because the post office was forwarding his mail to him. McPherson forwarded the letter to Berkeley E. Boone, Federated's senior claims supervisor, who responded to the demand by telling Mattox's attorney that Federated's position had not changed. Federated did not notify Ownbey of Mattox's formal demand.

Mattox filed suit on December 20, 2002, and at that time, his attorney mailed a courtesy copy of the complaint to the Georgia address he had previously used to correspond with McPherson. Although McPherson's forwarding order with the post office had expired in November 2002, this mailing was never returned to Mattox's attorney as undeliverable or unclaimed. Mattox's complaint was served on Ownbey's registered agent for service of process on

---

[1] These premises are listed as a covered property under the Federated policy.

January 6, 2003. Two days later, the registered agent mailed the service copy to Ballenger at the post office address shown on his business card. That mailing was never returned to Ownbey's agent by the post office as being unclaimed or undeliverable. Nevertheless, both Ballenger and McPherson deny that they ever received a copy of the complaint.

No answer was filed on behalf of Ownbey to Mattox's complaint, and on December 5, 2003, Mattox was awarded a default judgment on his claims in the amount of $175,000. After receiving notice of the default judgment, Federated filed this declaratory judgment action seeking a determination that the insurance company has no duty to provide a defense or indemnity to Ownbey on Mattox's claim. Federated maintains that Ownbey failed to properly notify it of the lawsuit as required under the terms of the commercial liability policy.

> It is well established that a notice provision expressly made a condition precedent to coverage[2] is valid and must be complied with, absent a showing of justification. Where an insured has not demonstrated justification for failure to give notice according to the terms of the policy, . . . then the insurer is not obligated to provide either a defense or coverage.

(Citation and punctuation omitted.) *Plantation Pipeline Co. v. Royal Indem. Co.*, 245 Ga. App. 23, 28 (2) (537 SE2d 165) (2000). See also *Southeastern Express Systems v. Southern Guaranty Ins. Co. of Ga.*, 224 Ga. App. 697, 701 (482 SE2d 433) (1997).

The pertinent notice provisions of Ownbey's commercial general liability policy state:

**2. Duties in The Event of Occurrence, Offense, Claim or Suit**
**a.** You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:
**(1)** How, when and where the "occurrence" or offense took place;
**(2)** The names and addresses of any injured persons and witnesses; and
**(3)** The nature and location of any injury or damage arising out of the "occurrence" or offense.

---

[2] Ownbey's policy states that Federated is not subject to suit for coverage unless all of the terms of the coverage portion of the policy "have been fully complied with."

**b.** If a claim is made or "suit" is brought against any insured, you must:
**(1)** Immediately record the specifics of the claim or "suit" and the date received; and
**(2)** Notify us as soon as practicable.
You must see to it that we receive written notice of the claim or "suit" as soon as practicable.
**c.** You and any other involved insured must:
**(1)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit.". . .

Federated contends that these provisions create a two-part obligation on the part of the insured: (1) the insured must first forward a copy of the summons and complaint to Federated, and (2) then "see to it" that these documents were received by the insurer. Federated concedes that an issue of fact exists as to the first of these duties, because Ownbey furnished evidence that its registered agent mailed the complaint to Federated, but Ballenger, the intended recipient, denied receiving it. Nevertheless, Federated asserts that it is entitled to summary judgment because there is no evidence that Ownbey made any effort to "see to it" that the complaint had been received by Federated.

Federated contends that this two-part requirement applies whenever an insured is the subject of a claim or a suit. Therefore, although Federated concedes that it received proper notice of Mattox's claim against Ownbey, it argues that Ownbey was also required to provide notice when Mattox filed suit and "to see to it" that such notice was received. Federated asserts that because Ownbey failed to follow the two-step process to provide notice of the lawsuit, Federated is entitled to summary judgment in its declaratory judgment action. And contrary to the trial court's findings, Federated denies admitting that it received actual notice of the lawsuit prior to March 2004, when it was informed of Mattox's default judgment.

Ownbey contends, however, that Federated's argument attempts to impose an obligation not contemplated by the language of the policy. Although paragraph 2.c of the notice provision required Ownbey to serve Federated with the complaint, it does not contain the "see to it" language found in the other notice provisions. Ownbey argues that there was no requirement that it take additional steps to confirm Federated's receipt of the complaint. And to the extent that the language of paragraph 2.b could be read as imposing such a

requirement, Ownbey argues that it creates an ambiguity which must be construed against Federated as the drafter of the policy.[3]

As an initial matter, we agree with Federated's contention that its attorney never conceded that it received actual notice of Mattox's lawsuit, and thus the trial court's finding on that ground was in error. Rather, at the summary judgment hearing Federated conceded only that it had actual notice of Mattox's pre-lawsuit claim. Federated argued that because Ownbey failed to follow the two-step process "to see to it" that Federated received the complaint, it did not receive actual notice of the lawsuit prior to the default judgment. Although the trial court's order cannot be supported on the ground stated, we review the record de novo in considering the parties' arguments. We start first with the language of the policy's notice provisions.

"An insurance policy is simply a contract, the provisions of which should be construed as any other type of contract. The construction of an unambiguous contract is a question of law for the court." (Citation and punctuation omitted.) *Yeomans & Assoc. Agency v. Bowen Tree Surgeons*, 274 Ga. App. 738, 741 (1) (a) (618 SE2d 673) (2005). And in such a case, "[w]here the terms and conditions of an insurance contract are clear and unambiguous, they must be given their literal meaning." (Citation omitted.) *Adams v. Atlanta Cas. Co.*, 235 Ga. App. 288, 289 (1) (509 SE2d 66) (1998).

But where the policy language is ambiguous, "such ambiguities must be strictly construed against the insurer as the drafter of the document." (Citation omitted.) *Yeomans*, 274 Ga. App. at 743 (1) (a). "An ambiguity is duplicity, indistinctness, [or] an uncertainty of meaning or expression, and a word or phrase is ambiguous when it is of uncertain meaning and may be fairly understood in more ways than one." (Citations and punctuation omitted.) *Allstate Ins. Co. v. Grayes*, 216 Ga. App. 419, 422 (3) (454 SE2d 616) (1995). "Where a term of a policy of insurance is susceptible to two or more constructions, even when such multiple constructions are all logical and reasonable, such term is ambiguous and will be strictly construed against the insurer as the drafter and in favor of the insured."

---

[3] In addition, Ownbey asserts that the trial court's order inadvertently stated that Federated's attorney conceded actual notice of Mattox's *lawsuit*. Ownbey contends that the trial judge apparently meant that Federated had conceded actual notice of his *claim*. It argues that this misstatement does not change the result, however, because the trial court apparently found that the use of the word "or" in the language of 2.b requires notice of either the claim or the lawsuit, but not both. Thus, the trial court found that once Ownbey saw to it that Federated received written notice of Mattox's claim, its only remaining duty was to send Federated copies of any papers Ownbey received in connection with the lawsuit pursuant to paragraph 2.c, and that section imposes no requirement to "see to it" that such papers were received. But the trial court's order does not support this interpretation as it simply holds, albeit erroneously, that Federated admitted receiving actual notice of the lawsuit. As the trial court's order made no such finding, we do not address this argument on appeal.

(Citations omitted.) *Ga. Farm &c. Ins. Co. v. Meyers*, 249 Ga. App. 322, 324 (548 SE2d 67) (2001).

Applying these principles in this case, we find that the language requiring that Ownbey "see to it that [Federated] receive written notice of the claim or 'suit' " is ambiguous. It is unclear what action an insured must take in order to comply with this provision. No further definition of the phrase "see to it" is provided in the policy, and a review of cases from Georgia[4] and other jurisdictions reveals no decisions construing the meaning of this language in this context.[5]

Federated contends that the language means that an insured must confirm the company's receipt of the insured's notice of a claim or lawsuit. In other words, Federated argues that the phrase "you must see to it" is intended to modify the phrase "that we receive." But when the language of the notice provisions is considered as a whole, another reasonable interpretation of this language is apparent. Each of the three relevant sections of the notice provisions set forth separate, but potentially overlapping, requirements. Section 2.a of the provisions states that the insured "must see to it that we are notified as soon as practicable of an occurrence or an offense which may result in a claim." But the language of 2.b contrasts in at least one important respect with the language found in 2.a. While Section 2.a merely requires that the insurer be notified, the language of 2.b imposes a separate requirement of "written notice." Thus, the language of 2.b could be intended to require that the insured "see to it" that the notice is in writing. In other words, the phrase "you must see to it" was intended to modify the entire phrase "that we receive written notice."

Since the language is susceptible to at least two interpretations, it is ambiguous and should be strictly construed against Federated as the drafter of the policy. The policy must be read as requiring only that the insured "see to it" that the notice is in writing. While Ownbey has presented evidence that it sent such written notice in a timely fashion, Federated denies receiving it. This factual issue precludes the grant of summary judgment to either party. See generally *Weekes*

---

[4] Although several decisions by this Court have considered policies containing similar language, no issue existed in those cases as to whether the insurance company received timely notice allegedly sent by the insured. Accordingly, the opinions do not construe the phrase "you must see to it." See *Yeomans*, 274 Ga. App. 738; *Auto-Owners Ins. Co. v. Karan, Inc.*, 272 Ga. App. 620 (612 SE2d 920) (2005); *Munoz v. Pacific Ins. Co.*, 261 Ga. App. 246 (582 SE2d 207) (2003).

[5] In an unreported decision, the Southern District of New York found that an insured complied with language requiring that the insured "see to it" that the insurance company receive written notice, by having its counsel send notice, rather than sending it directly. *U. S. Underwriters Ins. Co. v. Falcon Constr. Corp.*, 2003 U. S. Dist. LEXIS 14817 (S.D. N.Y. 2003). But there was no question in that case as to whether the insurance company actually received this notice.

*v. Nationwide Gen. Ins. Co.*, 232 Ga. App. 144, 149 (3) (b) (500 SE2d 620) (1998). We therefore affirm the trial court's denial of Federated's motion for summary judgment, but reverse its grant of partial summary judgment to Ownbey.

*Judgment affirmed in part and reversed in part. Smith, P. J., and Ellington, J., concur.*

DECIDED MARCH 6, 2006 — 

*Barrickman, Allred & Young, William B. Barrickman*, for appellant.

*Avrett, Ponder & Withrock, Robert M. Withrock*, for appellees.