**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**November 20, 2013**

# In the Court of Appeals of Georgia

A13A1085. EELLS v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.

RAY, Judge.

Christopher Eells appeals from the trial court's order dismissing his complaint and granting summary judgment in favor of State Farm Mutual Automobile Insurance Company. Eells contends in several related enumerations that the trial court erred in finding that he did not give State Farm sufficient, required notice of the accident in a timely fashion; he also argues that the trial court erred in failing to allow a jury to determine whether he was a resident in his parents' home for purposes of qualifying for insurance coverage. For the reasons that follow, we affirm in part, reverse in part, and remand this case to the trial court for further proceedings not inconsistent with this opinion.

Pursuant to OCGA § 9-11-56 (c), summary judgment is appropriate when no genuine issue of material fact exists and when the moving party is entitled to judgment as a matter of law.

> On appeal from the grant or denial of a motion for summary judgment, we apply a de novo standard of review, and view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant. A defendant may prevail on summary judgment by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. . . . A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue.

(Citations and punctuation omitted; emphasis omitted.) *Hearn v. Dollar Rent A Car*, 315 Ga. App. 164, 164 (726 SE2d 661) (2012).

Properly viewed, the evidence shows that while crossing Piedmont Road in Atlanta on foot on February 28, 2009, Eells was struck and injured by a passing

vehicle in a hit-and-run accident. Eells was severely injured and required post-accident care, which his parents provided for him in their home. A few months after the accident, Eells' mother told the family's State Farm agent about the accident during a telephone call when she contacted the agent about an unrelated matter. She did not make any formal claim because the Eells family was unaware that their insurance policy might cover the accident, nor did the agent advise her to notify the company of the accident in writing or to fill out a claims form. Shortly before the statute of limitation would have run, Eells' father was speaking socially to his son's present counsel and became aware for the first time that there might be a viable insurance claim. Eells then gave formal notice to State Farm and filed a claim.

On February 17, 2011, Eells sued the uninsured motorist, John Doe, and perfected service on State Farm as the uninsured motorist carrier. Eells sought coverage from State Farm under four automobile insurance policies issued to Eells' father. State Farm moved for summary judgment. The trial court granted that motion, finding in a three-sentence order that the oral notice to a claims representative did not qualify as the written notice required by the insurance policy and that the nearly two-

3

year delay in notifying State Farm of the accident was without legal justification.[1] Eells appeals this decision.

1. In several related enumerations, Eells contends that the trial court erred in determining that the oral notice of the accident that his mother gave to a State Farm representative was insufficient, that the written notice he gave to State Farm was untimely, and that he lacked legal justification for the delay.

(a) Eells first argues that the trial court erred in granting State Farm's motion for summary judgment because the policy provisions requiring timely, written notice are not conditions precedent to coverage. State Farm counters that these provisions are conditions precedent, which Eells failed to satisfy such that coverage is barred.

In the recent case of *Lankford v. State Farm Mutual Automobile Ins. Co.*, 307 Ga. App. 12 (703 SE2d 436) (2010), we determined that the exact policy language at issue in the instant case established a condition precedent to coverage. Eells' policies required that he report a hit-and-run accident to State Farm "within 30 days[,]" and, as in *Lankford*, Eells' policies also

---

[1] We note, but do not decide, that the "EFILED" order may not comply with the rules of this Court, which require that trial court orders subject to appeal must contain the signature of the trial judge, and that conformed signatures, stamped signatures, and signatures with permission are not permitted. See Court of Appeals Rules 1(a), 17, 30(a) and 30 (e).

required that he provide *written notice* of the accident or loss to State Farm or one of its agents 'as soon as reasonably possible.' Moreover, the policies provide that as a condition of insurance coverage, '[t]here is no right of action against [State Farm] . . . until all the terms of this policy have been met.'

(Emphasis supplied.) Id. at 14. It is undisputed that Eells did not meet these precise notice requirements and did not provide written notice to State Farm until almost two years after the accident.

It is well established that a notice provision expressly made a condition precedent to coverage is valid and must be complied with, absent a showing of justification. Where an insured has not demonstrated justification for failure to give notice according to the terms of the policy, . . . then the insurer is not obligated to provide either a defense or coverage.

(Footnote omitted.) Id., citing *Federated Mutual Ins. Co. v. Ownbey Enterprises*, 278 Ga. App. 1, 3 (627 SE2d 917) (2006).

Although the instant case is factually similar to *Gregory v. Allstate Ins. Co.*, 134 Ga. App. 461, 463 (214 SE2d 696) (1975), in which this Court stated that language in an insurance policy establishing a condition precedent to suit against the *insurer* did not create a condition precedent where the *uninsured motorist* was sued

5

and the insurer merely intervened, that case is inapplicable here. State Farm participated in the case in its own name, contesting not just the liability of the alleged tortfeasor, which it may do without participating as a party in the case, but also its own contractual liability, which it may not do without assuming the status of a named party. *Maxwell v. State Farm Mutual Automobile Ins. Co.*, 196 Ga. App. 545, 545-546 (1) (396 SE2d 291) (1990). Accord *Moss v. Cincinnati Ins. Co.*, 154 Ga. App. 165, 170 (268 SE2d 676) (1980).

(b) Eells contends, however, that coverage should not be barred because State Farm had actual notice of the accident through his mother's conversation about it with the State Farm agent.

In State Farm's brief in support of its motion for summary judgment, the carrier conceded that "State Farm may have had some knowledge of the accident because a few months after the accident [Eells'] mother told the State Farm insurance agent about the accident in passing." However, this Court has repeatedly determined that even if the insurer receives oral or other notice that does not comply with the policy's written notice requirement, that notice is insufficient. For example, in a similar instance, where the insured's policy required written notice within 30 days of an accident as a condition precedent to coverage and the insured testified that he gave

6

oral notice within the applicable time frame, this Court found the notice insufficient as a matter of law. *Corbin v. Gulf Ins. Co.*, 125 Ga. App. 281, 284 (187 SE2d 312) (1972). Accord *Gurley v. Ford Motor Credit Co*., 163 Ga. App. 875, 876 (1) (296 SE2d 171) (1982); *Moss*, supra at 165. Compare *Southern Mutual Ins. Co. v. Mason*, 213 Ga. App. 584, 587 (3) (445 SE2d 569) (1994) (no indication whether or not notice requirement was a condition precedent to coverage).

(c) Eells next argues that the trial court erred in determining that there was no legal justification for the nearly two-year delay between the time of the accident and the time he provided written notice to State Farm, and that the trial court thus erred in granting summary judgment. He contends that he did not know he had coverage and that the delay was justified because the policy language was ambiguous as to whether an insured pedestrian, as opposed to an insured occupying a vehicle, would be covered.

Two portions of the policy are primarily at issue here. "Section III – Uninsured Motor Vehicle – Coverage U," provides that

> We will pay damages for bodily injury and property damage an insured is legally entitled to collect from the owner or driver of an uninsured motor vehicle . . . . *Uninsured Motor Vehicle* – means: . . . a "hit-and-run" land motor vehicle whose owner or driver remains unknown, if: (a)

such vehicle strikes: (1) *the insured* or *the vehicle the insured is occupying* and causes bodily injury to the insured[.]

(Emphasis omitted; emphasis supplied.) The policy further provides that "*Insured –* means the *person* or *persons* covered by the uninsured motor vehicle coverage." (Emphasis in original.) However, in a section entitled "Reporting A Claim – Insured's Duties" under the heading "*Other Duties* Under Medical Payments, Uninsured Motor Vehicle, Death, Dismemberment and Loss of Sight and Loss of Earnings Coverages" (emphasis supplied), the policy states that "under the uninsured motor vehicle coverage" the person making the claim shall "(1) report a 'hit-and-run' accident to the police within 10 days and to us within 30 days. (2) let us see the *insured car the person occupied in the accident* and any damaged property." (Emphasis omitted; emphasis supplied.)

While it is true that an insured "is chargeable with awareness of the insurance coverage it solicited, and with checking the policy to see that proper coverage had been obtained," *Atlanta Intl. Properties, Inc. v. Georgia Underwriting Assn.*, 149 Ga. App. 701, 702 (2) (256 SE2d 472) (1979), it is well settled that an insurance policy must be read from the point of view of a layperson, rather than an insurance expert

or attorney. *State Farm Mutual Automobile Ins. Co. v. Staton*, 286 Ga. 23, 25 (685 SE2d 263) (2009). The fact that Eells' father is an attorney is irrelevant here.

Contract construction is a question of law for the court, unless, after applying the rules of contract interpretation, an uncertainty still remains as to which of two or more possible meanings represents the parties' true intentions. *Davis v. United American Life Ins. Co.*, 215 Ga. 521, 526-527 (2) (111 SE2d 488) (1959). Because the trial court's order does not reach the issue of whether the policy is ambiguous, we do not address it here. *Strength v. Lovett*, 311 Ga. App. 35, 44 (2) (b) (714 SE2d 723) (2011). Upon remand, the trial court should consider whether and to what extent the outlined policy provisions are ambiguous. However, we note that if an insurance contract contains "contradictory clauses or other ambiguities . . . they must be construed favorably to the insured and against the insurer." *Davis*, supra at 527 (2). Should the trial court find that any ambiguity cannot be resolved by the normal rules of contract construction, then it necessarily follows that

> the adequacy of the notice and the merit of [the insured's] claim of justification are ones of fact which must be resolved by a jury as they are not susceptible to being summarily adjudicated as a matter of law.

(Citations omitted.) *State Farm Mutual Automobile Ins. Co. v. Sloan*, 150 Ga. App. 464, 466 (2) (258 SE2d 146) (1979).

2. Eells argues that the trial court erred in failing to allow a jury to decide the fact question of whether he was a resident in his parents' household. However, because the trial court did not address this argument in its order, we will not address it here. *Strength*, supra.

In summary, we affirm as to the trial court's determination that the oral notice provided was insufficient, but as to whether the contract provisions were ambiguous and, if so, whether Eells' delay in providing written notice was justified, we reverse and remand to the trial court for further proceedings not inconsistent with this opinion.

*Judgment affirmed in part and reversed in part; case remanded. Barnes, P. J., and Miller, J., concur.*