**WHOLE COURT**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**November 20, 2015**

# In the Court of Appeals of Georgia

A15A0874. KING-MORROW v. AMERICAN FAMILY INSURANCE COMPANY.

MILLER, Judge.

Almost two years after Melissa King-Morrow was involved in an auto accident, she sued the other driver and perfected service on her uninsured motorist carrier, American Family Insurance Company ("AFIC"). AFIC filed a motion for summary judgment on the ground that King-Morrow failed to timely notify it of the accident. The trial court granted AFIC's motion. King-Morrow appeals, contending that the trial court erred in granting summary judgment to AFIC. For the reasons that follow, we agree and therefore reverse.

On appeal from the grant of summary judgment this Court conducts a de novo review of the evidence to determine whether there is a genuine issue of material fact and whether the undisputed facts,

viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.

(Citations and punctuation omitted.) *Campbell v. The Landings Assn., Inc.*, 289 Ga. 617, 618 (713 SE2d 860) (2011).

The undisputed facts show that King-Morrow was in an accident on December 28, 2011. At the time of the accident, King-Morrow lived with her daughter, who had an uninsured motorist policy with AFIC. The policy covered relatives living in the policy holder's household, including King-Morrow. AFIC did not learn of the accident until December 4, 2013, when King-Morrow filed the instant suit and served AFIC. AFIC answered and disclaimed liability. In its motion for summary judgment, AFIC conceded that King-Morrow qualified as an insured under the policy, but asserted that she failed to comply with the required conditions precedent because she did not promptly notify AFIC of the accident.

On appeal, King-Morrow contends that the trial court erred in granting summary judgment to AFIC because the policy did not require her to give AFIC notice of the accident. We agree.

> Under Georgia law, insurance companies are generally free to set the terms of their policies as they see fit so long as they do not violate the law or judicially cognizable public policy. . . . In construing an

insurance policy, we begin, as with any contract, with the text of the contract itself. One of the most well-established rules of contract construction is that the contract must be construed as a whole, and the whole contract should be looked to in arriving at the construction of any part.

(Citation omitted.) *Wade v. Allstate Fire and Cas. Co.*, 324 Ga. App. 491, 492-493 (751 SE2d 153) (2013).

"The policy's terms are also construed as reasonably understood by an insured." (Punctuation and footnote omitted.) *Murphy v. Ticor Title Ins. Co.*, 316 Ga. App. 97, 100 (1) (729 SE2d 21) (2012). Moreover, in construing an insurance policy, the test is what a reasonable person in the position of the insured would understand the words to mean, not what the insurer intended the words to mean. See id.

Finally, when faced with a conflict over a policy's coverage, a trial court must first determine, as a matter of law, whether the relevant policy language is ambiguous. *Murphy*, supra, 316 Ga. App. at 100 (1).

A policy which is susceptible to two reasonable meanings is not ambiguous if the trial court can resolve the conflicting interpretations by applying the rules of contract construction. Where a term of a policy of insurance is susceptible to two or more reasonable constructions, and the resulting ambiguity cannot be resolved, the term will be strictly construed against the insurer as the drafter and in favor of the insured.

(Footnote omitted.) Id.

"[A] notice provision expressly made a condition precedent to coverage is valid and must be complied with, absent a showing of justification." (Citation omitted.) *Eells v. State Farm Mut. Automobile Ins. Co.*, 324 Ga. App. 901, 903 (1) (a) (752 SE2d 70) (2013). In the instant case, the policy provides that, "[w]e may not be sued unless all the terms of this policy are complied with" and "[i]f we are prejudiced by a failure to comply with the following duties," including the notice provision set forth below, "then we have no duty to provide coverage under this policy." Thus, the policy sets forth a notice provision that is a condition precedent. See *Eells*, supra, 324 Ga. App. at 903 (1) (a).

The relevant notice provision of the policy provides, if "you" have an accident or loss, "A. Notify us[.] Tell us promptly. Give time, place, and details. Include names and addresses of injured persons and witnesses." The term "you" is defined only as the policy holder and the policy holder's spouse. The subsequent provision of the policy provides: "B. Other Duties[.] 1. Each person claiming any coverage of this policy must also . . . cooperate with us and assist us in any matter concerning a claim or suit." This provision also sets forth additional duties that apply to each person claiming coverage. The policy requires that any person claiming coverage under the

4

policy promptly send AFIC any legal papers received related to a claim or suit and that any person insured under the policy inform AFIC of any settlement offers. None of these other provisions, however, requires a person claiming coverage under the policy to promptly notify AFIC of the accident or loss.[1]

AFIC argues that the accident-notice provision applies to "each person claiming any coverage" because the subsequent "Other Duties" provision applies to "[e]ach person claiming any coverage." In its order granting summary judgment, the trial court acknowledged that the policy definition of "you" did not include King-Morrow, but nonetheless accepted AFIC's argument that the "Other Duties" section of the policy required King-Morrow to give prompt notice of the accident.

Contrary to the dissent, the accident notice provision is susceptible to *two* reasonable constructions. Under the first construction, given the policy's limited definition of "you," a person would understand that definition to require only policy

---

[1] Although neither the trial court nor either party appears to have considered the addendum to the accident-notice provision of the policy, we note that it states: "The requirement for giving notice of a claim, if not satisfied by the insured within 30 days of the accident, may be satisfied by an injured third party[.]" This provision provides an alternate means of notice, but does not expand or change the definition of "you." Moreover, to the extent that this provision is ambiguous as to whether the insured is required to give notice of a claim, given the limited definition of "you," it must be strictly construed against AFIC as the drafter and in favor of King-Morrow as the insured. See *Wade*, supra, 324 Ga. App. at 493.

holders and their spouses to give prompt notice of an accident. See *Murphy*, supra, 316 Ga. App. at 100 (1). Since King-Morrow is the policy holder's mother, she was not required to give notice under this construction.

Under the second construction, relied on by the trial court and urged by the dissent, each person claiming coverage is also implicitly required to give prompt notice of the accident because the policy explicitly imposes other duties — aside from prompt notification — on each person claiming coverage. Under this construction, King-Morrow would have been required to give notice. Given the tenets of construction, however, we cannot broaden the application of the accident-notice provision to apply to anyone making a claim under the policy, as the dissent argues that we should do. See *Murphy*, supra, 316 Ga. App. at 100 (1).

As the insurer, AFIC is free to draft a policy that explicitly requires anyone claiming coverage to notify it promptly of an accident. Compare *Royer v. Murphy*, 277 Ga. App. 150 (625 SE2d 544) (2006) (policy required the insured or any person claiming coverage under the policy to notify the insurer of accident). Very likely, AFIC intended its notice provision to apply to anyone claiming coverage; AFIC, however, failed to draft a policy that clearly requires anyone claiming coverage to give timely notice. Moreover,

6

> the test is not what the insurer intended its words to mean, but what a reasonable person in the position of the insured would understand them to mean. The policy should be read as a layman would read it and not as it might be analyzed by an insurance expert or an attorney.

(Citation omitted.) *Ace American Ins. Co. v. Truitt Brothers, Inc.*, 288 Ga. App. 806, 807(655 SE2d 683) (2007).

Since King-Morrow would have reasonably understood the notice-provision to not apply to her and, at best, there is an ambiguity as to whether the notice-provision applies to people making claims under the policy who are neither policy holders nor their spouses, the trial court erred in granting summary judgment to AFIC on the ground that King-Morrow failed to comply with the conditions precedent by giving timely notice.[2]

*Judgment reversed. Barnes, P. J., Ellington, P. J., and Branch, J., concur. Dillard, J., and Ray, J., concur in judgment only. Andrews, P. J., dissents.*

---

[2] Given our holding above, we need not address King-Morrow's remaining arguments.

7

A15A0874. KING-MORROW v. AMERICAN FAMILY INSURANCE COMPANY.

ANDREWS, Presiding Judge, dissenting.

Because there doesn't appear to be an ambiguity in AFIC's policy except for the one fashioned by the majority opinion, I respectfully dissent.

I agree with the general proposition cited by the majority, i.e., where an insurance policy term is susceptible to two reasonable constructions and any resulting ambiguity cannot be resolved, the term is to be strictly construed against the insurer as drafter of the policy. *Wade v. Allstate Fire and Cas. Co.*, 324 Ga. App. 491, 492-93 (751 SE2d 153) (2013). But I think the only reasonable construction of AFIC's policy here is that anyone claiming coverage under the policy must give timely notice of the loss, so as to afford AFIC a meaningful opportunity to investigate the claim.

The pertinent provisions in AFIC's policy declare:

IF YOU HAVE AN ACCIDENT OR LOSS

If we are prejudiced by a failure to comply with the following duties, then we have no duty to provide coverage under this policy. A. Notify Us   Tell us promptly. Give time, place, and details. Include names and addresses of injured persons and witnesses.  B. Other Duties    Each person claiming any coverage of this policy must also: a. cooperate with us and assist us in any matter concerning a claim or suit.

Even the majority opinion finds the "B. Other Duties" section to apply to the appellant in this case, as she is a person claiming coverage under the policy. But being bound by "other duties" presupposes being bound by a first duty or duties, in which case that means the appellant was also obligated to give AFIC prompt notice of loss under the "Notify Us" section of the policy so AFIC could investigate the claim.

The policy section "DEFINITIONS USED THROUGHOUT THIS POLICY," in which "you and your" is defined as the policyholder and spouse, immediately precedes the actual liability and property damage coverage sections of the policy. The "Definitions" section defines terms that specifically appear throughout "Part I-Liability Coverage," and "Part II-Car Damage Coverages." So I take the "Definitions" section as an aid to understanding the coverages set forth in Part I and Part II, and not as a limitation on the general notice of loss requirements.

In short, I do not believe it is a reasonable construction to hold that only the policyholder and/or spouse is obligated to notify the insurer of a claimed loss under the policy. So even if some ambiguity exists here, there is only one reasonable construction: anyone claiming a loss under the policy must promptly notify the insurer so as to afford it a meaningful opportunity to investigate.

In some cases, there may be some wiggle room in determining what constitutes "promptly," but I think it's safe to say waiting over 23 months to notify the insurer is not prompt. For the above reasons, I would affirm the trial court's grant of summary judgment for AFIC.