**SECOND DIVISION**
**MILLER, P. J.,**
**MARKLE and LAND, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**October 28, 2024**

# In the Court of Appeals of Georgia

A24A1023.  PROGRESSIVE   MOUNTAIN   INSURANCE
    COMPANY v. VINING.

MARKLE, Judge.

After Jackie Vining was injured in an auto accident in which she was the passenger, she sued the driver for negligence and served Progressive Mountain Insurance Co. ("Progressive") as the putative uninsured motorist ("UM") carrier. Progressive moved for summary judgment, arguing that Vining did not notify it "promptly" of the accident, as required by the insurance policy. The trial court denied the motion and certified its order for immediate review. We granted the application for interlocutory review, and this appeal followed. After a thorough review of the record, we vacate the trial court's order, and remand the case for further proceedings consistent with this opinion.

Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. In reviewing the grant or denial of a motion for summary judgment, we apply a de novo standard of review, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

(Citation omitted.) *D'Elia v. Phillips Edison & Co., Ltd.*, 354 Ga. App. 696, 697 (839 SE2d 721) (2020).

The underlying facts are generally undisputed. On December 25, 2020, Vining was injured in an auto accident when the driver lost control of the vehicle and ran into a ditch. In December 2022, Vining sued the driver for negligence per se, and served Progressive as the UM carrier.[1]

Per the terms of the insurance policy, "[f]or coverage to apply under this policy, you or the person seeking coverage must promptly report each accident or loss even if you or the person seeking coverage is not at fault." The policy further provides that "[n]o claim shall be denied due to your failure to notify us within 30 days of an accident or loss if we receive written notice, by U. S. mail, from an injured person."

---

[1] Progressive filed an answer and cross-claim against the driver.

2

The terms "you" and "your" are defined as "a person shown as the named insured on the declarations page; and . . . the spouse of a named insured[.]"

Vining was covered by the policy as the step-daughter of the named insured. Although the accident occurred in December 2020, Progressive did not receive notice of the accident until November 16, 2021, when it received a letter from Vining's attorney.

Progressive moved for summary judgment, arguing that Vining failed to notify it promptly under the policy. Following a hearing, the trial court denied the motion based on the language in the policy that Progressive would not deny a claim if it received written notice by mail from an injured person. We granted Progressive's interlocutory application, and this appeal followed.

On appeal, Progressive argues that the trial court erred by denying its motion for summary judgment because the court relied on the wrong policy clause and thus failed to recognize that Vining did not promptly notify Progressive of her accident as a matter of law due to the 11-month delay. According to Progressive, the policy terms are unambiguous, and prompt notification is a condition precedent to obtaining coverage. Progressive further contends that the second clause, regarding notice by

mail, applies only to the *insured*'s failure to notify, and not the injured party's failure. We agree that the policy's prompt notification requirement applied to Vining, but that the trial court should consider in the first instance whether there was any reasonable justification for the delay.

> When we interpret an insurance policy, we are mindful that

>> [a]n insurance policy is simply a contract, the provisions of which should be construed as any other type of contract. Construction of the contract, at the outset, is a question of law for the court. The court undertakes a three-step process in the construction of the contract, the first of which is to determine if the instrument's language is clear and unambiguous. If the language is unambiguous, the court simply enforces the contract according to the terms, and looks to the contract alone for the meaning.

(Citations omitted.) *American Empire Surplus Lines Ins. Co. v. Hathaway Dev. Co.*, 288 Ga. 749, 750 (707 SE2d 369) (2011); see also *Lee v. Mercury Ins. Co. of Ga.*, 343 Ga. App. 729, 732 (1) (808 SE2d 116) (2017). We must consider the policy as a whole, giving effect to each provision, and reading each provision in harmony with the others. *York Ins. Co. v. Williams Seafood of Albany*, 273 Ga. 710, 712 (1) (544 SE2d 156) (2001). Additionally, we must read the contract in a way that gives effect to each provision, and avoid any interpretation that would render a portion of the policy meaningless.

*Milliken & Co. v. Ga. Power Co.*, 354 Ga. App. 98, 100 (839 SE2d 306) (2020). Finally, "the policy should be read as a layman would read it and not as it might be analyzed by an insurance expert or an attorney. Where the contractual language is explicit and unambiguous, the court's job is simply to apply the terms of the contract as written, regardless of whether doing so benefits the carrier or the insured." (Citations and punctuation omitted.) *Ga. Farm Bureau Mut. Ins. Co. v. Smith*, 298 Ga. 716, 719 (784 SE2d 422) (2016).

Here, Progressive argues that the provision for prompt notification applies to Vining and precludes her claim, and that the clause permitting notice by mail does not apply because that provision excuses only the *insured*'s failure to provide prompt notification. Vining, on the other hand, contends that she is covered by the policy because she, *the injured person*, provided written notice by mail.

As we have explained, "a notice provision expressly made a condition precedent to coverage is valid and must be complied with, absent a showing of justification." (Citation omitted.) *Eells v. State Farm Mut. Automobile Ins. Co.*, 324 Ga. App. 901, 903 (1) (a) (752 SE2d 70) (2013). Here, the policy uses language "for coverage to apply," making prompt notice a condition precedent. See *King-Morrow*

*v. American Family Ins. Co.*, 334 Ga. App. 802, 803-804 (780 SE2d 451) (2015). "Prompt" is defined as "[d]one quickly, immediately, or . . . performed without delay[.]" Black's Law Dictionary (12th ed. 2024).

Our reading of the policy demonstrates that it is unambiguous.[2] The notification provisions appear in the section entitled "DUTIES IN CASE OF AN ACCIDENT OR LOSS," and imposes an obligation on every person — the insured or "the person seeking coverage" — to provide prompt notification of the accident to Progressive. To read this provision as Vining suggests would essentially nullify the prompt notice requirement because it would enable parties to circumvent the requirement. "Such an interpretation is contrary to the obvious intent of the policy, which is to require notice [promptly] after the occurrence of a covered event." (Citation omitted.) *Geico Gen. Ins. Co. v. Breffle*, 355 Ga. App. 276, 278 (1) (844 SE2d 179) (2020); see also *Cincinnati Ins. Co. v. Stone*, 488 FSupp.3d 1279, 1284-1285 (III) (A) (2) (N. D. Ga.

---

[2] But even if the provisions in Progressive's policy are ambiguous, they are subject to only one reasonable construction, which is that an injured person seeking coverage is also subject to the prompt notification requirements. Otherwise, the notice provision is meaningless, and we cannot read the policy in this manner. *Milliken & Co.*, 354 Ga. App. at 100.

2020) (language in policy allowing injured party to provide notice by mail did not otherwise eliminate prompt notice requirement).[3]

Having concluded that Vining was subject to the prompt notification provision, we turn to whether her notice, 11 months after the accident, satisfies the requirement. "It is well established that a notice provision expressly made a condition precedent to coverage is valid and must be complied with, absent a showing of justification." (Citation and punctuation omitted.) *Federated Mut. Ins. Co. v. Ownbey Enterprises, Inc.*, 278 Ga. App. 1, 3 (627 SE2d 917) (2006); see also *Plantation Pipe Line Co. v. Stonewall Ins. Co.*, 335 Ga. App. 302, 310 (2) (780 SE2d 501) (2015); *Eells*, 324 Ga. App. at 903 (1) (a). Generally, whether an insured gave prompt notification is a question for the jury, but in certain cases, the facts and circumstances may show that the delay was unjustified as a matter of law. *Progressive Mountain Ins. Co. v. Bishop*, 338 Ga. App. 115, 118-119 (2) (790 SE2d 91) (2016); see also *Owens v. Progressive Premier Ins. Co. of Ill.*, 365 Ga. App. 236, 238 (878 SE2d 101) (2022); *Silva v. Liberty Mut. Fire*

---

[3] Vining relies on *King-Morrow v. American Family Insurance Company*, 334 Ga. App. 802 (780 SE2d 451) (2015), in support of her interpretation. We find that case distinguishable. Although that opinion properly sets out the relevant law, it analyzed a different clause in the policy and not the addendum, which included a provision similar to the one at issue here. See id. at 804, n. 1 (noting that neither the trial court nor the parties had addressed the language of the addendum).

*Ins. Co.*, 344 Ga. App. 81, 86 (1) (808 SE2d 886) (2017). In this case, having found the prompt notification requirement did not apply to Vining, the trial court did not consider whether Vining offered any justification for her delay. Therefore, it is proper for us vacate the trial court's order, and remand the case with instructions to consider whether Vining can offer any reasonable justification for the delay. See generally *Bishop*, 338 Ga. App. at 122-123 (2); *GEICO Indem. Co. v. Smith*, 338 Ga. App. 455, (788 SE2d 150) (2016) (declining to reach estoppel argument because the trial court had not ruled on that issue) (citation omitted).

*Judgment vacated and case remanded. Miller, P. J., and Land, J., concur.*